# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SONIC INDUSTRIES LLC, a Delaware limited liability company, and (2) SONIC FRANCHISING LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> (1) LET'S SHAKE, L.L.C., a Texas limited liability company, (2) SUNIL DHAROD, an individual, and (3) LET'S SHAKE ON IT, L.L.C., a Texas limited liability company, <br><br> Defendants. | Case No. CIV-24-474-HE |

## COMPLAINT

Plaintiffs, Sonic Industries LLC ("SIL") and Sonic Franchising LLC ("SFL"), for their Complaint against the Defendants named herein, allege and state as follows:

### Parties, Jurisdiction, And Venue

1.   Plaintiff Sonic Industries is a Delaware limited liability company with its principal place of business in the State of Georgia, and is a citizen of the States of Georgia and Delaware. Sonic Industries is a manager-managed limited liability company with its only member being Sonic Capital LLC, a Delaware limited liability company with its principal place of business in the State of Georgia.  The sole member of Sonic Capital LLC is Sonic Industries Services LLC, an Oklahoma limited liability company with its principal place of business in the State of Georgia, and is a citizen of the States of Oklahoma and Georgia.

1

2.      Plaintiff Sonic Franchising is a Delaware limited liability company with its principal place of business in the State of Georgia, and is a citizen of the States of Georgia and Delaware. Sonic Franchising is a manager-managed limited liability company with its only member being Sonic Capital LLC, a Delaware limited liability company with its principal place of business in the State of Georgia.  The sole member of Sonic Capital LLC is Sonic Industries Services LLC, an Oklahoma limited liability company with its principal place of business in the State of Georgia, and is a citizen of the States of Oklahoma and Georgia.

3.      Defendant Let's Shake, L.L.C. ("Let's Shake"), is a Texas limited liability company that has its principal place of business in the State of Texas and is a citizen of the State of Texas. Upon information and belief, the members of Let's Shake are citizens of the State of Texas. Let's Shake's manager is Still Shakin It, LLC, a Texas limited liability company that has its principal place of business in the State of Texas and is a citizen of the State of Texas. Upon information and belief, the members of Still Shakin It, LLC are citizens of the State of Texas. Defendant Sunil Dharod ("Guarantor") is a manager of Still Shakin It, LLC and is, upon information and belief, a citizen of the State of Texas.

4.      Defendant Let's Shake On It, L.L.C. ("Added Guarantor"), is a Texas limited liability company that has its principal place of business in the State of Texas and is a citizen of the State of Texas. Guarantor is the managing member of Added Guarantor and is, upon information and belief, a citizen of the State of Texas.

5.      SIL is the holder of the franchises for the Sonic drive-in restaurant chain for Sonic restaurants licensed and development agreements signed before May 20, 2011.

6. SFL is franchisor of the Sonic drive-in restaurant chain for Sonic restaurants licensed and development agreements signed on or after May 20, 2011.

7. SIL and SFL, as licensors, and Let's Shake, pursuant to a Transfer and Relinquishment of License Agreements effective November 25, 2020 (the "Transfer Agreement"), are parties to written Sonic license agreements on the dates and for the locations set forth below:

| Store # | Address | City | State | License Agrmt Date | Licensor | Principal Amt Due as of 04/30/2024 ($) |
|---|---|---|---|---|---|---|
| 1839 | 9080 FM 78 | Converse | TX | 09/01/2014 | SFL | 49,924.57 |
| 2869 | 6523 San Pedro Avenue | San Antonio | TX | 09/01/2014 | SFL | 40,383.52 |
| 2873 | 320 Farm Market 78 | Schertz | TX | 09/01/2014 | SFL | 54,733.13 |
| 2904 | 5031 Rigsby Avenue | San Antonio | TX | 09/01/2014 | SFL | 54,330.58 |
| 2943 | 6111 Ingram Road | San Antonio | TX | 09/01/2014 | SFL | 811.86 |
| 2949 | 7902 Culebra | San Antonio | TX | 09/01/2014 | SFL | 43,984.09 |
| 2952 | 13131 Nacogdoches | San Antonio | TX | 09/01/2014 | SFL | 30,957.56 |
| 2955 | 5510 Babcock Road | San Antonio | TX | 09/01/2014 | SFL | 162,334.69 |
| 2970 | 4319 South New Braunfels | San Antonio | TX | 10/01/2008 | SIL | 77,870.09 |
| 2973 | 2314 Thousand Oaks | San Antonio | TX | 10/01/2008 | SIL | 38,762.97 |
| 2976 | 6221 Dezavala Road | San Antonio | TX | 09/01/2014 | SFL | 68,360.98 |
| 2981 | 1730 Horal Drive | San Antonio | TX | 09/01/2014 | SFL | 85,000.00 |
| 2983 | 955 East Bitters Road | San Antonio | TX | 09/01/2014 | SFL | 54,123.27 |
| 3376 | 2301 Blanco Road | San Antonio | TX | 11/10/2015 | SFL | 33,310.83 |
| 3465 | 6608 FM 78 | San Antonio | TX | 06/24/1996 | SIL | 57,043.16 |
| 3532 | 16401 Nacogdoches Road | San Antonio | TX | 02/27/1997 | SIL | 38,389.71 |
| 3630 | 351 Valley Hi Drive | San Antonio | TX | 08/04/1997 | SIL | 43,384.13 |
| 3659 | 422 S Zorzamora | San Antonio | TX | 11/05/1997 | SIL | 40,461.23 |
| 3709 | 1281 Junction Highway | Kerrville | TX | 02/17/1998 | SIL | 37,265.27 |
| 3841 | 10831 Potranco Road | San Antonio | TX | 07/08/1998 | SIL | 50,753.30 |
| 3849 | 2135 IH 35 North | San Antonio | TX | 08/10/1998 | SIL | 44,256.19 |
| 3851 | 121 West Bandera | Boerne | TX | 09/16/1998 | SIL | 57,928.11 |
| 3898 | 11725 O'Conner Road | San Antonio | TX | 10/27/1998 | SIL | 38,710.16 |
| 3934 | 6341 Pearsall Road | San Antonio | TX | 05/13/1999 | SIL | 35,598.38 |
| 4043 | 973 Bandera Road | San Antonio | TX | 09/20/1999 | SIL | 73,996.62 |
| 4060 | 3510 Roosevelt Avenue | San Antonio | TX | 01/10/2001 | SIL | 40,747.83 |
| 4094 | 1013 Main Street | Bandera | TX | 09/26/2000 | SIL | 71,112.02 |

| 4276 | 10885 FM 471 West | San Antonio | TX | 05/14/2001 | SIL | 30,830.36 |
| 4451 | 12405 Bandera Road | Helotes | TX | 08/20/2001 | SIL | 50,499.26 |
| 4575 | 4318 Vance Jackson Road | San Antonio | TX | 12/28/2001 | SIL | 37,841.92 |
| 4869 | 9424 West FM 471 | San Antonio | TX | 08/07/2003 | SIL | 66,523.34 |
| 5134 | 1435 Austin Highway | San Antonio | TX | 01/19/2005 | SIL | 41,976.29 |
| 5158 | 1727 Sidney Baker | Kerrville | TX | 05/26/2004 | SIL | 43,156.63 |
| 5210 | 2209 NW Military Highway | Castle Hill | TX | 11/23/2004 | SIL | 45,412.98 |
| 5214 | 4623 IH 35 South | San Antonio | TX | 03/15/2005 | SIL | 50,408.37 |
| 5333 | 9703 Poteet-Jourdanton Fwy. | San Antonio | TX | 02/27/2006 | SIL | 70,676.28 |
| 5391 | 24039 I-10 West | San Antonio | TX | 03/23/2006 | SIL | 42,674.12 |
| 5439 | 8738 Potranco Road | San Antonio | TX | 06/09/2006 | SIL | 54,527.91 |
| 5676 | 9684 West Loop 1604 North | San Antonio | TX | 05/23/2007 | SIL | 58,658.39 |
| 5703 | 8316 Hausman Road | San Antonio | TX | 09/20/2007 | SIL | 86,777.94 |
| 5918 | 3035 TPC Parkway | San Antonio | TX | 11/21/2008 | SIL | 44,941.10 |
| 6450 | 4039 South Loop 1604 East | San Antonio | TX | 11/04/2014 | SFL | 51,781.14 |

8.   Pursuant to the Transfer Agreement, Guarantor and Added Guarantor agreed to fully perform all obligations of the licensees under the referenced license agreements, including but not limited to full and timely payment and performance of all financial obligations and non-financial duties (the "Guaranties"). The Guaranties are absolute, unconditional, irrevocable and continuing. SIL and SFL have no obligation to take any action against any entity or individual for the collection of any payments prior to bringing this action against Guarantor and Added Guarantor. SIL and SFL do not have any obligation to give notice to Guarantor and Added Guarantor before taking action to enforce and collect under the Guaranties.

9.   The license agreements described in Paragraph 7 above are at times referenced collectively as the "License Agreements" and individually as "License Agreement." The License Agreements authorize Let's Shake, as the licensee, to own and operate Sonic drive-in restaurants at the specified locations.

10. The locations described in Paragraph 7 above are at times referenced collectively as the "Restaurants."

11. Pursuant to the express terms and provisions of the Transfer Agreement and License Agreements, Let's Shake agreed that this Court has personal jurisdiction over it.

12. Pursuant to the express terms and provisions of the Transfer Agreement, Guarantor and Added Guarantor agreed that this Court has personal jurisdiction over each of them.

13. Pursuant to the express terms and provisions of the Transfer Agreement and License Agreements, Let's Shake agreed that venue is proper in the federal and state courts in Oklahoma County, Oklahoma. The Transfer Agreement and License Agreements provide that they shall be interpreted in accordance with and governed by the laws of the State of Oklahoma.

14. Pursuant to the express terms and provisions of the Transfer Agreement, Guarantor and Added Guarantor agreed that venue is proper in the federal and state courts in Oklahoma County, Oklahoma, and that the internal laws of the State of Oklahoma shall govern the construction of the terms and the application of the provisions of the Transfer Agreement.

15. This Court has venue pursuant to 28 U.S.C. § 1391 (a) because a substantial part of the events and omissions giving rise to the claims herein occurred in the Western District of Oklahoma; the Transfer Agreement and License Agreements were prepared, negotiated, and signed, whether in whole or in part, in Oklahoma County, Oklahoma; Defendants' conduct of business occurred in or was directed to Plaintiffs in Oklahoma

County, Oklahoma; and Defendants caused injury to Plaintiffs in Oklahoma County, Oklahoma.

16. This Court has personal jurisdiction over the Defendants in this action because the conduct which forms the basis of this Complaint occurred in the State of Oklahoma, arose out of contractual relationships between parties that were originated, negotiated, at least in part, in Oklahoma, and involves communications between the parties that were directed to a person or entity in Oklahoma or originated from a person or entity in Oklahoma.

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and 1367.

18. This Court has diversity jurisdiction over the dispute pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, as alleged herein, and the amount in controversy, excluding interest and costs, between Plaintiffs and each of the Defendants exceeds $75,000.00, exclusive of interest and costs.

## Factual Allegations

19. Under the express terms and provisions of the Transfer Agreement and License Agreements, Let's Shake agreed to fully and timely pay to SIL and SFL royalty fees and Sonic Brand Fund advertising fees that are calculated as prescribed percentages of the Restaurants' monthly gross sales as defined in the License Agreements ("Gross Sales") and further agreed to pay interest on any late payments at the rate of 1.75% per month.

20. Under the express terms and provisions of the Transfer Agreement and License Agreements and any advertising addenda thereto, Let's Shake agreed to fully and timely pay advertising cooperative contributions (which are calculated as prescribed percentages of the Restaurants' monthly Gross Sales) to the Restaurants' Sonic-approved advertising cooperatives by directing those payments through SIL and SFL for redistribution to the System Marketing Fund to purchase national media advertising, except to the extent any prescribed percentages are permissibly retained by, or required to be redistributed to, the advertising cooperatives.

21. Effective March 1, 2016, the original Licensees under the License Agreements entered into a license amendment for the Restaurants whereby they agreed to pay Brand Technology Fund fees that are calculated as a certain percentage of the Restaurants' annualized Gross Sales. Pursuant to the Transfer Agreement, Let's Shake assumed such payment obligation.

22. Under the express terms and provisions of the Transfer Agreement and License Agreements, Let's Shake agreed to fully and timely pay through SIL and SFL for monthly point-of-purchase promotional marketing kits ("POP Kits") that they regularly purchased and received.

## FIRST CAUSE OF ACTION

**Breach of Contract: Let's Shake's Non-Payment under the SIL License Agreements.**

23. Plaintiffs adopt, incorporate, and re-allege the allegations contained in Paragraphs 1 through 22 herein.

24. Pursuant to the express terms and provisions of the Transfer Agreement and SIL License Agreements, Let's Shake is in default by not paying to SIL all amounts due and owing under the SIL License Agreements for the following Store Numbers: 2970, 2973, 3465, 3532, 3630, 3659, 3709, 3841, 3849, 3851, 3898, 3934, 4043, 4060, 4094, 4276, 4451, 4575, 4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, and 5918. SIL issued written notices of default to Let's Shake on January 24, 2024, and April 5, 2024, in accordance with the terms and provisions of the License Agreements. Let's Shake has failed and refused to cure its defaults under the SIL License Agreements.

25. Pursuant to the express terms and provisions of the Transfer Agreement and SIL License Agreements, Let's Shake owes SIL for interest that accrued and hereafter accrues on delinquent royalty, advertising, and technology fees, until paid.

26. Pursuant to the express terms and provisions of the Transfer Agreement and SIL License Agreements, Let's Shake owes SIL for costs, expenses, and attorneys' fees already incurred and incurred in the future that relate to enforcing SIL's rights, remedies, and collection efforts under such License Agreements.

## SECOND CAUSE OF ACTION

**Breach of Contract: Let's Shake's Non-Payment under the SFL License Agreements.**

27. Plaintiffs adopt, incorporate, and re-allege the allegations contained in Paragraphs 1 through 26 herein.

28. Pursuant to the express terms and provisions of the Transfer Agreement and SFL License Agreements, Let's Shake is in default by not paying to SFL all amounts due

and owing under the SFL License Agreements for the following Store Numbers: 1839, 2869, 2873, 2904, 2943, 2949, 2952, 2955, 2976, 2981, 2983, 3376, and 6450. SFL issued written notices of default to Let's Shake on January 24, 2024, and April 5, 2024, in accordance with the terms and provisions of the License Agreements. Let's Shake has failed and refused to cure its defaults under the SFL License Agreements.

29. Pursuant to the express terms and provisions of the Transfer Agreement and SFL License Agreements, Let's Shake owes SFL for interest that accrued and hereafter accrues on delinquent royalty, advertising, and technology fees, until paid.

30. Pursuant to the express terms and provisions of the Transfer Agreement and SFL License Agreements, Let's Shake owes SFL for costs, expenses, and attorneys' fees already incurred and incurred in the future that relate to enforcing SFL's rights, remedies, and collection efforts under such License Agreements.

## THIRD CAUSE OF ACTION

### Breach of Contract: Guarantor and Added Guarantor's Unpaid Guaranty Obligations.

31. Plaintiffs adopt, incorporate, and re-allege the allegations contained in Paragraphs 1 through 30 herein.

32. Pursuant to the express terms and provisions of the Transfer Agreement, Guarantor and Added Guarantor are in default by their failure to fully perform all obligations of Let's Shake under the Transfer Agreement and the License Agreements, including but not limited to full and timely payment and performance of all financial obligations due and owing under the License Agreements.

33. Pursuant to the express terms and provisions of the Transfer Agreement, Guarantor and Added Guarantor owe SIL and SFL for interest that accrued and hereafter accrues on delinquent royalty, advertising, and technology fees, until paid.

34. Pursuant to the express terms and provisions of the Transfer Agreement, Guarantor and Added Guarantor owe SIL and SFL for costs, expenses, and attorneys' fees already incurred and incurred in the future that relate to enforcing SIL's and SFL's rights, remedies, and collection efforts under the License Agreements.

## Requests For Relief

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

(A) Award Plaintiff Sonic Industries LLC judgment jointly and severally against Defendant Let's Shake, L.L.C., as Licensee, and against Defendants Sunil Dharod and Let's Shake On It, L.L.C., as guarantors, for all amounts due and owing under and related to the SIL License Agreements for Store Numbers 2970, 2973, 3465, 3532, 3630, 3659, 3709, 3841, 3849, 3851, 3898, 3934, 4043, 4060, 4094, 4276, 4451, 4575, 4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, and 5918, including royalty fees, Sonic Brand Fund fees, advertising cooperative contributions, System Marketing Fund national media advertising fees, Brand Technology Fund fees, and POP Kits purchases (collectively "Royalty, Advertising, and Technology Fund Fees, and POP Purchases"), together with accrued contractual interest, pre- and post-judgment statutory interest and costs, including reasonable attorneys' fees;

(B) Award Plaintiff Sonic Franchising LLC judgment jointly and severally against Defendant Let's Shake, L.L.C., as Licensee, and against Defendants Sunil Dharod and Let's Shake On It, L.L.C., as guarantors, for all amounts due and owing under and related to the SFL License Agreements for Store Numbers 1839, 2869, 2873, 2904, 2943, 2949, 2952, 2955, 2976, 2981, 2983, 3376, and 6450, for Royalty, Advertising, and Technology Fund Fees, and POP Purchases, together with accrued contractual interest, pre- and post-judgment statutory interest and costs, including reasonable attorneys' fees; and

(C) Grant Plaintiffs such other and further relief against the Defendants as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

s/ Joe M. Hampton
JOE M. HAMPTON, OBA No. 11851
TOBY M. McKINSTRY, OBA No. 17401
MAGGIE M. LOGAN, OBA No. 33222
TOMLINSON MCKINSTRY, P.C.
Two Leadership Square
211 North Robinson Ave., Suite 450
Oklahoma City, OK 73102
Telephone: (405) 702-4346
Facsimile: (833) 657-0184
joeh@tmoklaw.com
tobym@tmoklaw.com
maggiel@tmoklaw.com

**ATTORNEYS FOR PLAINTIFFS**