# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONIC INDUSTRIES LLC, )<br>a Delaware limited liability company, and )<br>SONIC FRANCHISING LLC, )<br>a Delaware limited liability company, )<br>   )<br>   Plaintiffs,   )<br>   )<br>v.   )    Case No. 5:24-cv-00474-HE<br>   )<br>LET'S SHAKE, L.L.C., )<br>a Texas limited liability company, )<br>SUNIL DHAROD, an individual, and )<br>LET'S SHAKE ON IT, L.L.C., )<br>a Texas limited liability company, )<br>   )<br>   Defendants.   ) | |

## JOINT MOTION PROTECTIVE ORDER

Pursuant to an agreement, Plaintiffs Sonic Industries LLC and Sonic Franchising LLC ("Plaintiffs") and Defendants Let's Shake L.L.C., Sunil Dharod, and Let's Shake On It, L.L.C. ("Defendants") (collectively, the "Parties"), move the Court to enter an Agreed Protective Order to govern the disclosure of certain proprietary, confidential, and/or trade secret information that is requested by the Parties in discovery, and also to govern disclosure of confidential or private information of the Parties that may be subject to discovery as the case proceeds. In support of this Motion, the Parties show the Court as follows:

1.     Certain documents and information the Parties seek and/or will likely seek through discovery in this action contain confidential or proprietary information in which the Parties have legitimate privacy and confidentiality interests.

2.     To promote the production of confidential information, the Parties have conferred and stipulated to the entry of an Agreed Protective Order, attached hereto as Exhibit 1, subject to the approval of the Court.

3.     Rule 26(c) of the Federal Rules of Civil Procedure permits and contemplates entry of a protective order limiting the terms of discovery. The Agreed Protective Order will not prohibit discovery of confidential information but will designate the way in which such information will be discovered and used.

4.     The Agreed Protective Order is necessary to ensure that, while confidential information may be used for purposes of discovery and used in the trial of this lawsuit, such information will not be disseminated to the detriment of any of the Parties beyond those attorneys, Parties, or persons working in connection with this lawsuit, or as otherwise permitted by the Court upon request for leave by a party. Good cause exists for entry of the Agreed Protective Order, which will facilitate the goals of the Federal Rules of Civil Procedure, promoting a more just, speedy, and inexpensive discovery process. See United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990) ("No doubt [protective orders] make[] the discovery process in a particular case operate more efficiently; the assurance of confidentiality may encourage disclosures that otherwise would be resisted.").

Accordingly, the Parties request that the Court enter the Agreed Protective Order submitted herewith.

Respectfully submitted,

*/s D. Benham Kirk*
D. Benham Kirk, OBA No. 5044
Michael S. Linscott, OBA No. 17266
Todd L. Grimmett, OBA No. 21199
Doerner, Saunders, Daniel & Anderson, LLP
210 Park Avenue, Suite 1200
Oklahoma City, Oklahoma 73102-5600
Phone: 405.319.3506
Fax: 405.319.3536
dbkirk@dsda.com
mlinscott@dsda.com
tgrimmett@dsda.com
**Attorneys for Defendants**

and

*/s Joe M. Hampton*
Joe M. Hampton,
Toby M. McKinstry,
Maggie M. Logan
Tomlinson McKinstry, P.C.
Two Leadership Square
211 North Robinson Ave., Suite 450
Oklahoma City, OK 73102
joeh@tmoklaw.com
tobym@tmoklaw.com
maggiel@tmoklaw.com
**Attorneys for Plaintiffs**

8800901.1