# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONIC INDUSTRIES LLC, a Delaware limited liability company, and SONIC FRANCHISING LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> LET'S SHAKE, L.L.C., a Texas limited liability company, SUNIL DHAROD, an individual, and LET'S SHAKE ON IT, L.L.C., a Texas limited liability company, <br><br> Defendants. | Case No. 5:24-cv-00474-HE |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

JOE M. HAMPTON, OBA No. 11851
TOBY M. McKINSTRY, OBA No. 17401
MAGGIE M. LOGAN, OBA No. 33222
TOMLINSON MCKINSTRY, P.C.
Two Leadership Square
211 North Robinson Ave., Suite 450
Oklahoma City, OK 73102
Telephone: (405) 702-4346
Facsimile: (833) 657-0184
joeh@tmoklaw.com
tobym@tmoklaw.com
maggiel@tmoklaw.com

*ATTORNEYS FOR PLAINTIFFS,
SONIC INDUSTRIES LLC and
SONIC FRANCHISING LLC*

NOVEMBER 24, 2025

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................iii

    I.    CASE LAW ...............................................................................................iii

    II.    RULES .......................................................................................................iii

I.    PRELIMINARY STATEMENT................................................................................ 1

II.  STATEMENT OF UNDISPUTED MATERIAL FACTS TO WHICH NO GENUINE DISPUTE EXISTS WITH RESPECT TO THE CLAIMS ASSERTED BY SONIC IN ITS COMPLAINT ................................................................................................... 2

    A.  Execution of LAs and Guaranty Agreements ................................................ 2

    B.  Default for Non-Payment Under License Agreements ................................. 7

III. ARGUMENT AND AUTHORITY ............................................................................ 11

    A.  Summary Judgment Standard....................................................................... 11

    B.  Sonic is Entitled to Summary Judgment on All Claims Asserted................ 12

        1.  There is no dispute that valid and enforceable contracts exist between the parties................................................................................................ 12

        2.  There is no dispute that the LAs were breached and Sonic is entitled to collection under the LAs (1st and 2nd COA) .......................................... 13

        3.  There is no dispute the Guarantees were breached and Sonic is entitled to collection under the Guarantees (3rd COA) .......................................... 15

IV. CONCLUSION ........................................................................................................... 15

CERTIFICATE OF SERVICE....................................................................................... 17

# **TABLE OF AUTHORITIES**

## I. CASE LAW

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) .................................. 11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................................ 11
*Id.* at 256 ............................................................................................................................... 11
*Id.* at 248 ............................................................................................................................... 12

*Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) ................................................ 12

*Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018) ............................................. 12

*Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001) ............. 12

*Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184 (10th Cir. 2015) ................................... 12

*Mousavi v. John Christner Trucking, LLC*, 487 F. Supp. 3d 1194 (N.D. Okla. 2020) ..... 13

*Pub. Serv. Co. of Oklahoma v. Burlington N. R.R. Co.*,
53 F.3d 1090, 1096 (10th Cir. 1995) ................................................................................... 12

*Resolution Trust Corp. v. Fed. Savings & Loan Ins. Corp.*,
25 F.3d 1493, 1500 (10th Cir. 1994) ................................................................................... 12

*Utah Power & Light Co. v. Fed. Ins. Co.*, 983 F.2d 1549, 1553 (10th Cir. 1993) ............. 12

## II. RULES

Fed. R. Civ. P. 56 ...................................................................................................................... 1
Fed. R. Civ. P. 56(a) ............................................................................................................... 11
Fed. R. Civ. P. 56(c)(1)(A) .................................................................................................... 11
LCvR56.1 .................................................................................................................................. 1

Pursuant to Fed. R. Civ. P. 56 and LCvR56.1, Plaintiffs Sonic Industries LLC ("SIL") and Sonic Franchising LLC ("SFL") (collectively referred to as "Sonic") respectfully file this Motion for Summary Judgment and Brief in Support ("Motion") and move this Court to enter summary judgment against the named Defendants on all causes of action asserted by Sonic's Complaint (Doc 1).

## I. PRELIMINARY STATEMENT

Sonic filed this lawsuit to collect unpaid fees from the Defendants - its franchisee and guarantors - related to their operation of franchised restaurants (the "Restaurants" or "Stores"). It is undisputed that the Defendants are parties to written contracts that clearly and unambiguously require the payment of certain fees based on the gross sales generated by their Restaurants. It is undisputed the Defendants have operated and continue to operate their Restaurants. It is undisputed that the Defendants have not paid Sonic any contractual fees since September 17, 2024.

The following table is provided as an aid to the Court to depict the scope of Sonic's summary judgment request:

| Summary Judgment Sought: | Claims By: | Claims Against: | Claims Asserted In: |
| --- | --- | --- | --- |
| 1st Cause of Action ("COA") – Breach of Contract [License Agreement "LA")] | SIL | Let's Shake, L.L.C. ("Let's Shake") | Complaint, ¶¶ 23-26 |
| 2nd COA – Breach of Contract (LA) | SFL | Let's Shake | Complaint, ¶¶ 27-30 |
| 3rd COA – Breach of Contract (Guaranty Agreements) | SIL and SFL | Sunil Dharod ("Guarantor) and Let's Shake On It, L.L.C. ("Added Guarantor") | Complaint, ¶¶ 31-34 |

1

Sonic is entitled to summary judgment because the Defendant Licensees and Guarantors admit their execution of written documents that require payments to Sonic and admit their failure to pay as required.[1]

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS TO WHICH NO GENUINE DISPUTE EXISTS WITH RESPECT TO THE CLAIMS ASSERTED BY SONIC IN ITS COMPLAINT

**A. Execution of LAs and Guaranty Agreements:**

1. SIL is the franchisor/licensor for Sonic Drive-In license and development agreements signed before May 20, 2011. Defendants have admitted this fact. Declaration of Nicki Robinson, ¶4 (Exhibit 1 hereto); Answer, ¶5 (Doc 9).

2. SFL is the franchisor/licensor for Sonic Drive-In license and development agreements signed on or after May 20, 2011. Defendants have admitted this fact. Declaration of Nicki Robinson, (Ex. 1, ¶ 5); Answer, ¶6 (Doc 9).

3. SIL and SFL, as licensors, and Let's Shake, as licensee, pursuant to a Transfer and Relinquishment of License Agreements effective November 25, 2020 (the "Transfer Agreement"), are parties to written license agreements on the dates and for the locations set forth below:

| Store # | Address | City | State | License Agrmt. Date | Licensor | LA Form | EX # |
|---|---|---|---|---|---|---|---|
| 1839 | 9080 FM 78 | Converse | TX | 09/01/1994 | SFL | 4.2/5.1 | 4 |
| 2869 | 6523 San Pedro Avenue | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 2873 | 320 Farm Market 78 | Schertz | TX | 09/01/2014 | SFL | 4.2/5.1 | |

---

[1] Answer, Affirmative Defenses and Counterclaims, ¶¶7, 8 (Doc 9).

| Store # | Address | City | State | License Agrmt. Date | Licensor | LA Form | EX # |
|---|---|---|---|---|---|---|---|
| 2904 | 5031 Rigsby Avenue | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 2943 | 6111 Ingram Road | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 2949 | 7902 Culebra | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 2952 | 13131 Nacogdoches | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 2955 | 5510 Babcock Road | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 2970 | 4319 South New Braunfels | San Antonio | TX | 10/01/2008 | SIL | 7 | 8 |
| 2973 | 2314 Thousand Oaks | San Antonio | TX | 10/01/2008 | SIL | 7 | |
| 2976 | 6221 Dezavala Road | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 2981 | 1730 Horal Drive | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 2983 | 955 East Bitters Road | San Antonio | TX | 09/01/2014 | SFL | 4.2/5.1 | |
| 3376 | 2301 Blanco Road | San Antonio | TX | 11/10/1995 | SFL | 5.1 | 5 |
| 3465 | 6608 FM 78 | San Antonio | TX | 06/24/1996 | SIL | 5.1 | |
| 3532 | 16401 Nacogdoches Road | San Antonio | TX | 02/27/1997 | SIL | 5.1 | |
| 3630 | 351 Valley Hi Drive | San Antonio | TX | 08/04/1997 | SIL | 5.1 | |
| 3659 | 422 S Zorzamora | San Antonio | TX | 11/05/1997 | SIL | 5.1 | |
| 3709 | 1281 Junction Highway | Kerrville | TX | 02/17/1998 | SIL | 6 | 6 |
| 3841 | 10831 Potranco Road | San Antonio | TX | 07/08/1998 | SIL | 6 | |
| 3849 | 2135 IH 35 North | San Antonio | TX | 08/10/1998 | SIL | 6 | |
| 3851 | 121 West Bandera | Boerne | TX | 09/16/1998 | SIL | 6 | |

3

| Store # | Address | City | State | License Agrmt. Date | Licensor | LA Form | EX # |
|---|---|---|---|---|---|---|---|
| 3898 | 11725 O'Conner Road | San Antonio | TX | 10/27/1998 | SIL | 6 | |
| 3934 | 6341 Pearsall Road | San Antonio | TX | 05/13/1999 | SIL | 6A | 7 |
| 4043 | 973 Bandera Road | San Antonio | TX | 09/20/1999 | SIL | 6A | |
| 4060 | 3510 Roosevelt Avenue | San Antonio | TX | 01/10/2001 | SIL | 6A | |
| 4094 | 1013 Main Street | Bandera | TX | 09/26/2000 | SIL | 6A | |
| 4276 | 10885 FM 471 West | San Antonio | TX | 05/14/2001 | SIL | 6A | |
| 4451 | 12405 Bandera Road | Helotes | TX | 08/20/2001 | SIL | 6A | |
| 4575 | 4318 Vance Jackson Road | San Antonio | TX | 12/28/2001 | SIL | 6A | |
| 4869 | 9424 West FM 471 | San Antonio | TX | 08/07/2003 | SIL | 6A | |
| 5134 | 1435 Austin Highway | San Antonio | TX | 01/19/2005 | SIL | 6A | |
| 5158 | 1727 Sidney Baker | Kerrville | TX | 05/26/2004 | SIL | 6A | |
| 5210 | 2209 NW Military Highway | Castle Hill | TX | 11/23/2004 | SIL | 6A | |
| 5214 | 4623 IH 35 South | San Antonio | TX | 03/15/2005 | SIL | 6A | |
| 5333 | 9703 Poteet-Jourdanton Fwy. | San Antonio | TX | 02/27/2006 | SIL | 6A | |
| 5391 | 24039 I-10 West | San Antonio | TX | 03/23/2006 | SIL | 6A | |
| 5439 | 8738 Potranco Road | San Antonio | TX | 06/09/2006 | SIL | 6A | |
| 5676 | 9684 West Loop 1604 North | San Antonio | TX | 05/23/2007 | SIL | 6A | |
| 5703 | 8316 Hausman Road | San Antonio | TX | 09/20/2007 | SIL | 6A | |
| 5918 | 3035 TPC Parkway | San Antonio | TX | 11/21/2008 | SIL | 6A | |

| Store # | Address | City | State | License Agrmt. Date | Licensor | LA Form | EX # |
|---|---|---|---|---|---|---|---|
| 6450 | 4039 South Loop 1604 East | San Antonio | TX | 11/04/2014 | SFL | 7 | |

Defendants have admitted these facts. Declaration of Nicki Robinson, (Ex. 1, ¶ 6); Answer, ¶7 (Doc 9). Exemplars of each form of LA are submitted as Exhibits 4-8.[2] A true and correct copy of the Transfer Agreement is submitted as Exhibit 3.

    4.    Under the express terms and provisions of the Transfer Agreement and License Agreements, Let's Shake agreed to fully and timely pay to Sonic royalty fees and Sonic Brand Fund advertising fees that are calculated as prescribed percentages of the Restaurants' monthly gross sales as defined in the License Agreements ("Gross Sales") and further agreed to pay interest on any late payments at the rate of 1.75% per month. Defendants have admitted this fact. Transfer Agreement (Ex. 3, ¶4); Answer, ¶19 (Doc 9); LAs (Exs. 4-8), ¶¶1.04, 5.02, 5.03, 5.05.

    5.    Under the express terms and provisions of the Transfer Agreement and License Agreements and any advertising addenda thereto, Let's Shake agreed to fully and timely pay advertising cooperative contributions (which are calculated as prescribed percentages of the Restaurants' monthly Gross Sales) to the Restaurants' Sonic-approved advertising cooperatives by directing those payments through SIL and SFL for

---

[2] In an effort to avoid unnecessarily burdening the record, Sonic is submitting exemplars consisting of true and correct copies of five of the subject LAs that constitute the five forms of LAs that govern the subject restaurants as listed in the table in UMF 3 above. The language contained in each form of LA is substantially identical. Ex. 1, ¶¶8-12.

5

redistribution to the System Marketing Fund to purchase national media advertising, except to the extent any prescribed percentages are permissibly retained by, or required to be distributed to, the advertising cooperative. Defendants have admitted this fact. LAs (Exs. 4-7, ¶5.03); Answer, ¶20 (Doc 9).

6.     Effective March 1, 2016, the original Licensees under the License Agreements entered into an Amendment to License Agreements for the Restaurants whereby they agreed to pay Brand Technology Fund fees that are calculated as a certain percentage of the Restaurants' annualized Gross Sales. Defendants have admitted this fact. A true and correct copy of the Amendment to License Agreements is submitted as Exhibit 9. Declaration of Nicki Robinson, (Ex. 1, ¶ 13); Answer, ¶21 (Doc 9).

7.     Under the provisions of the Transfer Agreement (Exhibit 3) and License Agreements (Exhibits 4-8), Let's Shake agreed to fully and timely pay through SIL and SFL for monthly point-of-purchase promotional marketing kits ("POP Kits") that they regularly purchased and received. Defendants have admitted this fact. Answer, ¶22 (Doc 9).

8.     Pursuant to the Transfer Agreement, Defendant Sunil Dharod ("Guarantor") and Defendant Let's Shake On It, L.L.C. ("Added Guarantor") agreed to fully perform all obligations of the licensees under the referenced license agreements, including but not limited to full and timely payment and performance of all financial obligations and non-financial duties (the "Guaranties"). Defendants have admitted this fact. Transfer Agreement (Ex. 3, ¶ 8); Answer, ¶8 (Doc 9).

**B. Default for Non-Payment Under License Agreements:**

9. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 2970 is $170,903.99. Declaration of Ted Tetrick, ¶13 (Exhibit 2).

10. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 2973 is $83,621.47. (Ex. 2, ¶13).

11. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3465 is $102,588.81. (Ex. 2, ¶13).

12. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3532 is $66,519.11. (Ex. 2, ¶13).

13. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3630 is $65,808.80. (Ex. 2, ¶13).

14. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3659 is $66,799.56. (Ex. 2, ¶13).

15. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3709 is $61,468.61. (Ex. 2, ¶13).

16. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3841 is $88,554.94. (Ex. 2, ¶13).

17. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3849 is $81,099.44. (Ex. 2, ¶13).

18. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3851 is $108,692.67. (Ex. 2, ¶13).

19. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3898 is $62,203.20. (Ex. 2, ¶13).

20. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 3934 is $61,998.61. (Ex. 2, ¶13).

21. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 4043 is $133,335.91. (Ex. 2, ¶13).

22. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 4060 is $64,899.92. (Ex. 2, ¶13).

23. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 4094 is $127,302.20. (Ex. 2, ¶13).

24. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 4276 is $14,985.72. (Ex. 2, ¶13).

25. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 4451 is $82,622.50. (Ex. 2, ¶13).

26. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 4575 is $66,124.27. (Ex. 2, ¶13).

27. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 4869 is $122,649.17. (Ex. 2, ¶13).

28. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5134 is $71,321.92. (Ex. 2, ¶13).

29. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5158 is $63,091.57. (Ex. 2, ¶13).

30. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5210 is $86,243.16. (Ex. 2, ¶13).

31. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5214 is $89,244.81. (Ex. 2, ¶13).

32. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5333 is $124,471.91. (Ex. 2, ¶13).

33. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5391 is $66,893.60. (Ex. 2, ¶13).

34. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5439 is $92,576.29. (Ex. 2, ¶13).

35. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5676 is $106,056.76. (Ex. 2, ¶13).

36. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5703 is $159,863.48. (Ex. 2, ¶13).

37. As of July 31, 2025, the amount due and owing SIL under the LA for Store Number 5918 is $81,395.10. (Ex. 2, ¶13).

38. Sonic issued written notices of default to Let's Shake on January 24, 2024 (Exs. 11 and 12), and April 5, 2024 (Exs. 13 and 14), in accordance with the terms and provisions of the LAs. (Ex. 1, ¶15). Let's Shake did not make any payment to SIL after September 17, 2024. (Ex. 2, ¶12).

39. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 1839 is $93,296.05. (Ex. 2, ¶13).

40. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2869 is $60,527.97. (Ex. 2, ¶13).

41. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2873 is $94,857.15. (Ex. 2, ¶13).

42. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2904 is $105,239.26. (Ex. 2, ¶13).

43. Store Number 2943 closed in December 2024 and is not included in the amounts due to Sonic. (Ex. 2, ¶14).

44. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2949 is $72,406.49. (Ex. 2, ¶13).

45. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2952 is $52,718.02. (Ex. 2, ¶13).

46. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2955 is $287,046.60. (Ex. 2, ¶13).

47. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2976 is $61,282.72. (Ex. 2, ¶13).

48. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2981 is $153,033.89. (Ex. 2, ¶13).

49. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 2983 is $102,987.42. (Ex. 2, ¶13).

50. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 3376 is $54,869.47. (Ex. 2, ¶13).

51. As of July 31, 2025, the amount due and owing SFL under the LA for Store Number 6450 is $114,078.44. (Ex. 2, ¶13).

52. Sonic issued written notices of default to Let's Shake on January 24, 2024 (Exs. 11 and 12), and April 5, 2024 (Exs. 13 and 14), in accordance with the terms and provisions of the LAs. (Ex. 1, ¶15). Let's Shake did not make any payment to SFL after September 17, 2024. (Ex. 2, ¶12).

53. The total amount of unpaid royalty, advertising, and technology fees, with accrued and accruing finance charges, owed to SIL and SFL as of July 31, 2025, is $5,839,429.82. (Ex. 2, ¶13). UMF Nos. 9-52.

54. Defendants have not made any payments to Sonic since September 17, 2024. (Ex. 2, ¶12).

### III.   ARGUMENT AND AUTHORITY

#### A.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant carries this burden, the burden shifts. The non-moving party must then step forward, go beyond the pleadings, and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); *see also* FED. R. CIV. P. 56(c)(1)(A) (party asserting a fact that is undisputed must support the assertion by citation to the record,

11

including depositions, documents, electronically stored information, affidavits, declarations, stipulations, or discovery responses).

The party opposing a motion for summary judgment must offer evidence of specific facts, in admissible form, sufficient to raise "a genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986). Conclusory allegations or denials do not suffice. *Id.* at 248. Moreover, opposition to summary judgment "must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007); *accord Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184 (10th Cir. 2015).

Furthermore, "[t]he interpretation of an unambiguous contract is a question of law to be determined by the court . . . and may be decided on summary judgment." *Pub. Serv. Co. of Oklahoma v. Burlington N. R.R. Co.*, 53 F.3d 1090, 1096 (10th Cir. 1995) (citing *Resolution Trust Corp. v. Fed. Savings & Loan Ins. Corp.*, 25 F.3d 1493, 1500 (10th Cir. 1994)); *Utah Power & Light Co. v. Fed. Ins. Co.*, 983 F.2d 1549, 1553 (10th Cir. 1993)).

**B.** **Sonic is Entitled to Summary Judgment on All Claims Asserted.**

### *1. There is no dispute that valid and enforceable contracts exist between the parties.*

The elements for breach of contract under Oklahoma law are: (1) formation of a contract; (2) a breach thereof; and (3) actual damages suffered from that breach. *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001); *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018). Each of the foregoing elements has been established by the UMFs set forth in Section II. There is no genuine dispute that the LAs

and Guarantees are valid and enforceable contracts between the parties. Indeed, the Defendants affirmatively relied on the existence and validity of the LAs and Guarantees as the basis for their Counterclaims. (Doc 9).

### 2. There is no dispute that the LAs were breached and Sonic is entitled to collection under the LAs (1st and 2nd COA).

Under Oklahoma law, a breach of contract is a material failure to perform a duty arising under or imposed by agreement. *Mousavi v. John Christner Trucking, LLC*, 487 F. Supp. 3d 1194 (N.D. Okla. 2020). The Defendants have failed to comply with the written terms of the LAs by failing to pay the amounts due and owing, which is a material breach entitling Sonic to judgment.

There is no dispute that the Defendant Licensees executed each LA, agreed to make specific payments to Sonic, and breached the LAs by failing to pay the amounts due and owing from and after September 17, 2024.

Section 5 of the LAs imposes clear and unambiguous payment obligations on the franchisee. Section 5.02 requires ("shall") the Licensee to pay a **royalty fee** calculated as a percentage of the restaurant's monthly "Gross Sales." (Exs. 4-8, §5.02). The LAs define the phrase "Gross Sales" in clear and unambiguous language. (Exs. 4-8, §1.04). Section 5.03 requires ("shall") the Licensee to pay an **advertising contribution fee** calculated as a percentage of the restaurant's monthly "Gross Sales." (Exs. 4-7, §5.03). In the Form 7 LA, the advertising contribution fee is renamed a "**brand fee**," but is still calculated as a percentage of the restaurant's monthly "Gross Sales." (Ex. 8, §5.03). Section 3 of the Amendment to LAs effective March 1, 2016, requires ("shall") the Licensee to pay a

13

**technology fee** calculated as a percentage of the restaurant's monthly "Gross Sales." (Ex. 9, §3).

Section 5.05 of the LAs clearly and unambiguously requires ("shall") a **late charge** equal to 1.75% per month on amounts due and owing to Sonic from the date due until paid in full. (Exs. 4-8, §5.05). The same late charge provision also applies to the technology fee. Ex. 9, §3(c).

As of July 31, 2025, the amounts due and owing are as follows:

| Store # | Licensor | Principal Amt Due as of (Date) ($) |
|---|---|---|
| 1839 | SFL | 93,296.05 |
| 2869 | SFL | 60,527.97 |
| 2873 | SFL | 94,857.15 |
| 2904 | SFL | 105,239.26 |
| 2949 | SFL | 72,406.49 |
| 2952 | SFL | 52,718.02 |
| 2955 | SFL | 287,046.60 |
| 2970 | SIL | 170,903.99 |
| 2973 | SIL | 83,621.47 |
| 2976 | SFL | 61,282.72 |
| 2981 | SFL | 153,033.89 |
| 2983 | SFL | 102,987.42 |
| 3376 | SFL | 54,869.47 |
| 3465 | SIL | 102,588.81 |
| 3532 | SIL | 66,519.11 |
| 3630 | SIL | 65,808.80 |
| 3659 | SIL | 66,799.56 |
| 3709 | SIL | 61,468.61 |
| 3841 | SIL | 88,554.94 |
| 3849 | SIL | 81,099.44 |
| 3851 | SIL | 108,692.67 |
| 3898 | SIL | 62,203.20 |
| 3934 | SIL | 61,998.61 |
| 4043 | SIL | 133,335.91 |
| 4060 | SIL | 64,899.92 |
| 4094 | SIL | 127,302.20 |
| 4276 | SIL | 14,985.72 |

| Store # | Licensor | Principal Amt Due as of (Date) ($) |
|---|---|---|
| 4451 | SIL | 82,622.50 |
| 4575 | SIL | 66,124.27 |
| 4869 | SIL | 122,649.17 |
| 5134 | SIL | 71,321.92 |
| 5158 | SIL | 63,091.57 |
| 5210 | SIL | 86,243.16 |
| 5214 | SIL | 89,244.81 |
| 5333 | SIL | 124,471.91 |
| 5391 | SIL | 66,893.60 |
| 5439 | SIL | 92,576.29 |
| 5676 | SIL | 106,056.76 |
| 5703 | SIL | 159,863.48 |
| 5918 | SIL | 81,395.10 |
| 6450 | SFL | 114,078.44 |

See UMF Nos. 9-51.

3. ***There is no dispute the Guarantees were breached and Sonic is entitled to collection under the Guarantees (3rd COA).***

There is no dispute that the Defendant Guarantors executed a written agreement that clearly and unambiguously memorializes their "absolute, unconditional, irrevocable and continuing" agreements to guarantee the prompt and full payment of all obligations under each LAs Guaranty Agreement. (Ex. 10, §§6, 6.1). The Defendant Guarantors have breached the Guarantees by failing to pay the amounts due and owing under the LAs from and after September 17, 2024.

## IV. <u>CONCLUSION</u>

Based on the foregoing statements of undisputed material facts, argument and authority, Plaintiffs respectfully request that this Court enter an order granting this Motion and entering judgment against the Defendants as follows:

Judgment in favor of Plaintiffs and against Defendant Let's Shake, L.L.C. in the amount of $5,839,429.82, as of July 31, 2025, exclusive of attorney's fees and costs[3], with interest continuing to accrue until paid in full,

Judgment in favor of Plaintiffs and against Defendant Let's Shake On It, L.L.C. in the amount of $5,839,429.82, as of July 31, 2025, exclusive of attorney's fees and costs, with interest continuing to accrue until paid in full, and

Judgment in favor of Plaintiffs and against Defendant Sunil Dharod, individually, in the amount of $5,839,429.82, as of July 31, 2025, exclusive of attorney's fees and costs, with interest continuing to accrue until paid in full.

                           Respectfully submitted,

                           s/Joe M. Hampton
                           JOE M. HAMPTON, OBA No. 11851
                           TOBY M. McKINSTRY, OBA No. 17401
                           MAGGIE M. LOGAN, OBA No. 33222
                           TOMLINSON MCKINSTRY, P.C.
                           Two Leadership Square
                           211 North Robinson Ave., Suite 450
                           Oklahoma City, OK 73102
                           Telephone: (405) 702-4346
                           Facsimile: (833) 657-0184
                           joeh@tmoklaw.com
                           tobym@tmoklaw.com
                           maggiel@tmoklaw.com

---

[3] Plaintiffs reserve their right to move for an award of their costs, including reasonable attorney's fees, against each Defendant.

**ATTORNEYS FOR PLAINTIFFS,
SONIC INDUSTRIES LLC and
SONIC FRANCHISING LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the NextGen CM/ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                s/Joe M. Hampton
                JOE M. HAMPTON