# EXHIBIT 3

## TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450

**LET'S SHAKE ON IT, LLC** ("Transferor"), **LET'S SHAKE, LLC** ("Transferee"), and **SUNIL DHAROD** ("Guarantor"), **LET'S SHAKE ON IT, LLC** ("Added Guarantor"), **SONIC INDUSTRIES LLC** ("SIL") and **SONIC FRANCHISING LLC** ("SFL") (SIL and SFL, collectively, "Sonic") enter into this **TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS** (this "Agreement") to be effective as of the 25th day of _____ November 2020.

## WITNESSETH:

Whereas, Transferor and Sonic entered into those certain Sonic license agreements (as concurrently or subsequently amended, modified, supplemented, or assigned, collectively, the "License Agreements") and any sign leases or sign purchase agreements for Transferor's Sonic restaurants listed in the table below (collectively, the "Restaurants"); and

| No. | SC# | Address | City | State | Type | SIL/SFL | Date |
|-----|------|---------|------|-------|------|---------|------|
| 1 | 1839 | 9080 FM 78 | Converse | TX | 4.2II | SFL | 09/01/14 |
| 2 | 2869 | 6523 San Pedro Avenue | San Antonio | TX | 4.2II | SFL | 09/01/14 |
| 3 | 2873 | 320 Farm Market 78 | Schertz | TX | 4.2II | SFL | 09/01/14 |
| 4 | 2904 | 5031 Rigsby Avenue | San Antonio | TX | 4.2II | SFL | 09/01/14 |
| 5 | 2943 | 6111 Ingram Road | San Antonio | TX | 4.2II | SFL | 09/01/14 |
| 6 | 2949 | 7902 Culebra | San Antonio | TX | 4.2II | SFL | 09/01/14 |
| 7 | 2950 | 1611 South General McMullen | San Antonio | TX | 4.2II | SFL | 09/01/14 |
| 8 | 2952 | 13131 Nacogdoches | San Antonio | TX | 4.2II | SFL | 09/01/14 |
| 9 | 2955 | 5510 Babcock Road | San Antonio | TX | 4.2II | SFL | 09/01/14 |
| 10 | 2959 | 9429 Fredericksburg Road | San Antonio | TX | 4.2II | SFL | 09/01/14 |
| 11 | 2970 | 4319 South New Braunfels | San Antonio | TX | 7.0 | SIL | 10/01/08 |
| 12 | 2973 | 2314 Thousand Oaks | San Antonio | TX | 7.0 | SIL | 10/01/08 |
| 13 | 2976 | 5221 Dezavala Road | San Antonio | TX | 5.1 | SFL | 09/01/14 |
| 14 | 2981 | 1730 Horal Drive | San Antonio | TX | 5.1 | SFL | 09/01/14 |
| 15 | 2983 | 955 East Bitters Road | San Antonio | TX | 5.1 | SFL | 09/01/14 |
| 16 | 3376 | 2301 Blanco Road | San Antonio | TX | 5.1 | SFL | 11/10/15 |
| 17 | 3465 | 6608 FM 78 | San Antonio | TX | 5.1 | SIL | 06/24/96 |
| 18 | 3532 | 16401 Nacogdoches Road | San Antonio | TX | 5.1 | SIL | 02/27/97 |
| 19 | 3630 | 351 Valley Hi Drive | San Antonio | TX | 5.1 | SIL | 08/4/97 |
| 20 | 3659 | 422 S Zorzamora | San Antonio | TX | 5.1 | SIL | 11/5/97 |
| 21 | 3696 | 14635 Huebner Road | San Antonio | TX | 5.1 | SIL | 11/5/97 |

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

| 22 | 3709 | 1281 Junction Highway | Kerrville | TX | 6.0 | SIL | 02/17/98 |
|----|------|----------------------|-----------|----|----|-----|----------|
| 23 | 3841 | 10831 Potranco Road | San Antonio | TX | 6.0 | SIL | 07/8/98 |
| 24 | 3849 | 2135 IH 35 North | San Antonio | TX | 6.0 | SIL | 08/10/98 |
| 25 | 3851 | 121 West Bandera | Boerne | TX | 6.0 | SIL | 09/16/98 |
| 26 | 3898 | 11725 O'Conner Road | San Antonio | TX | 6.0 | SIL | 10/27/98 |
| 27 | 3933 | 18535 U.S. Highway 281 N. | San Antonio | TX | 6A | SIL | 05/13/99 |
| 28 | 3934 | 6341 Pearsall Road | San Antonio | TX | 6A | SIL | 05/13/99 |
| 29 | 4043 | 973 Bandera Road | San Antonio | TX | 6A | SIL | 09/20/99 |
| 30 | 4060 | 3510 Roosevelt Avenue | San Antonio | TX | 6A | SIL | 01/10/01 |
| 31 | 4094 | 1013 Main Street | Bandera | TX | 6A | SIL | 09/26/00 |
| 32 | 4117 | 811 San Pedro | San Antonio | TX | 6A | SIL | 02/24/00 |
| 33 | 4276 | 10885 FM 471 West | San Antonio | TX | 6A | SIL | 05/14/01 |
| 34 | 4451 | 12405 Bandera Road | Helotes | TX | 6A | SIL | 08/20/01 |
| 35 | 4575 | 4318 Vance Jackson Road | San Antonio | TX | 6A | SIL | 12/28/01 |
| 36 | 4869 | 9424 West FM 471 | San Antonio | TX | 6A | SIL | 08/7/03 |
| 37 | 5134 | 1435 Austin Highway | San Antonio | TX | 6A | SIL | 01/19/05 |
| 38 | 5158 | 1727 Sidney Baker | Kerrville | TX | 6A | SIL | 05/26/04 |
| 39 | 5210 | 2209 NW Military Highway | Castle Hill | TX | 6A | SIL | 11/23/04 |
| 40 | 5214 | 4623 IH 35 South | San Antonio | TX | 6A | SIL | 03/15/05 |
| 41 | 5333 | 9703 Poteet-Jourdanton Fwy. | San Antonio | TX | 6A | SIL | 02/27/06 |
| 42 | 5391 | 24039 I-10 West | San Antonio | TX | 6A | SIL | 03/23/06 |
| 43 | 5439 | 8738 Potranco Road | San Antonio | TX | 6A | SIL | 06/09/06 |
| 44 | 5676 | 9684 West Loop 1604 North | San Antonio | TX | 6A | SIL | 05/23/07 |
| 45 | 5703 | 8316 Hausman Road | San Antonio | TX | 6A | SIL | 09/20/07 |
| 46 | 5918 | 3035 TPC Parkway | San Antonio | TX | 6A | SIL | 11/21/08 |
| 47 | 6450 | 4039 South Loop 1604 East | San Antonio | TX | 7.0 | SFL | 11/04/14 |

Whereas, Transferor and Transferee desire that Transferor transfer, assign, and relinquish all of Transferor's right, title, and interest in the License Agreements and the Sonic pylon or monument premises signs located at each of the Restaurants (collectively, the "Sonic Signs") to Transferee and that Transferor be released as a party to the License Agreements; and

Whereas, Guarantor personally guaranteed in favor of Sonic all of Transferor's financial obligations and non-financial duties occurring and accruing under the License Agreements (the "Original Guaranties"); and

TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970, 2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841, 3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575, 4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

Whereas, Transferor owns majority interest in and has legal control over Transferee and, furthermore, Guarantor owns majority interest in and has legal control over Transferor; and

Whereas, as a condition for Sonic's consent to Transferor's transfer, assignment, and relinquishment of the License Agreements to Transferee, Sonic requires that Guarantor and Added Guarantor personally guarantee in favor of Sonic all of Transferee's financial obligations and non-financial duties under the License Agreements; and

Whereas, Guarantor and Added Guarantor are willing to personally guarantee in favor of Sonic all of Transferee's financial obligations and non-financial duties under the License Agreements pursuant to the terms and conditions of this Agreement (the "Guaranties"); and

Whereas, Sonic is willing to consent to Transferor's transfer, assignment, and relinquishment of all of Transferor's right, title, and interest in the License Agreements to Transferee on the terms and conditions set forth in this Agreement.

Now, therefore, in consideration of the mutual covenants set forth below and for other good and valuable consideration, the receipt and sufficiency of which the parties accept, the parties agree as follows:

1.    <u>Transferor's and Guarantor's Representations to Sonic</u>. Transferor and Guarantor hereby represent that Sonic has performed all of Sonic's financial obligations and non-financial duties under the License Agreements.

2.    <u>Transferor's Transfer and Relinquishment and Request to Be Released as a Party</u>. Transferor hereby transfers, assigns, conveys, relinquishes, and quitclaims to Transferee all of Transferor's right, title, and interest in and to the License Agreements and the Sonic Signs and hereby requests and consents to Transferor's removal as a party from the License Agreements.

3.    <u>Sonic's Consent to Transferor's Transfer and Request to Be Released as a Party</u>. Subject first to Transferor's full and timely payment to Sonic of all amounts owed pursuant to the License Agreements, Sonic hereby consents to Transferor's transfer, assignment, conveyance, relinquishment, and quitclaim of the License Agreements and the Sonic Signs to Transferee and hereby consents to Transferor's request to be released as a party from the License Agreements.

TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

4.    <u>Transferee's Assumption of Obligations</u>.  Transferee hereby accepts Transferor's transfer, assignment, conveyance, relinquishment, and quitclaim of the License Agreements and the Sonic Signs to Transferee and hereby agrees to become bound by all financial obligations and non-financial duties of the License Agreements hereafter occurring and accruing that are applicable to Licensee (as "Licensee" is defined in the License Agreements). Transferee also hereby acknowledges that Sonic may deliver a franchise disclosure document to Transferee for informational purposes only and not because Sonic has any obligation to deliver a franchise disclosure document to Transferee.

5.    **TRANSFEROR'S AND GUARANTOR'S RELEASES OF SONIC AND COVENANTS NOT TO SUE.  EXCEPT FOR CLAIMS ARISING UNDER THIS AGREEMENT, TRANSFEROR AND GUARANTOR, FOR THEMSELVES AND FOR THEIR RESPECTIVE AFFILIATES, SUBSIDIARIES, AND OTHER GUARANTORS, IF ANY, INCLUDING PERSONS CONTROLLING, CONTROLLED BY, OR UNDER COMMON CONTROL WITH TRANSFEROR, GUARANTOR, OR BOTH (AS THESE PROPER TERMS ARE DEFINED IN THE LICENSE AGREEMENTS), JOINTLY AND SEVERALLY HEREBY FOREVER RELEASE AND DISCHARGE SONIC AND SONIC LLC (FORMERLY KNOWN AS SONIC CORP.) AND SONIC LLC'S PARENT COMPANIES (SONIC HOLDING COMPANY AND IRB HOLDING CORP.) AS WELL AS SONIC LLC'S OTHER SUBSIDIARIES AND AFFILIATES AND THEIR ADMINISTERED FUNDS, INCLUDING THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, STOCKHOLDERS, PARTNERS, MEMBERS, AGENTS, AND ATTORNEYS (COLLECTIVELY, THE "RELEASED SONIC PARTIES"), FROM ANY AND ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION, KNOWN AND UNKNOWN, WHETHER EXISTING AT LAW, IN EQUITY, OR BY CONTRACT, STATUTE, OR REGULATION, THAT HAVE OCCURRED OR ACCRUED IN FAVOR OF TRANSFEROR, GUARANTOR, OR BOTH AGAINST ANY OF THE RELEASED SONIC PARTIES ON OR BEFORE THE DATE OF THIS AGREEMENT, INCLUDING ANY THAT AROSE OUT OF OR WERE RELATED TO THE LICENSE AGREEMENTS, THE RESTAURANTS, THE SONIC SIGNS, THE ORIGINAL GUARANTIES, OR ANY OTHER AGREEMENT OR DEALINGS BY AND BETWEEN TRANSFEROR, GUARANTOR, OR BOTH AND ANY OF THE RELEASED SONIC PARTIES.  TRANSFEROR AND GUARANTOR JOINTLY AND SEVERALLY HEREBY AGREE NOT TO SUE OR FILE ANY LEGAL ACTION OR PROCEEDING AGAINST ANY OF THE RELEASED SONIC PARTIES FOR ANY CLAIMS, DEMANDS, OR CAUSES OF ACTION RELEASED BY THIS SECTION.**

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

TRANSFEROR AND GUARANTOR JOINTLY AND SEVERALLY HEREBY AGREE THAT NO PAST, PRESENT, OR FUTURE DIRECTOR, OFFICER, EMPLOYEE, INCORPORATOR, MEMBER, PARTNER, STOCKHOLDER, SUBSIDIARY, AFFILIATE, CONTROLLING PARTY, ENTITY UNDER COMMON CONTROL, OWNERSHIP, OR MANAGEMENT, VENDOR, SERVICE PROVIDER, AGENT, ATTORNEY, OR REPRESENTATIVE OF SONIC LLC'S PARENT COMPANIES (SONIC HOLDING COMPANY AND IRB HOLDING CORP.) OR THE PARENT COMPANIES' NON-SONIC SUBSIDIARIES AND AFFILIATES, WILL HAVE ANY LIABILITY FOR: (A) ANY OBLIGATIONS OR LIABILITIES OF ANY OF THE RELEASED SONIC PARTIES RELATING TO OR ARISING FROM THIS AGREEMENT, THE LICENSE AGREEMENTS, THE RESTAURANTS, THE SONIC SIGNS, THE ORIGINAL GUARANTIES, OR ANY OTHER AGREEMENT OR DEALINGS BY AND BETWEEN TRANSFEROR, GUARANTOR, OR BOTH AND ANY OF THE RELEASED SONIC PARTIES, (B) ANY CLAIMS AGAINST ANY OF THE RELEASED SONIC PARTIES BASED UPON, IN RESPECT OF, OR BY REASON OF THE RELATIONSHIP WITH TRANSFEROR, GUARANTOR, OR BOTH, OR (C) ANY CLAIMS AGAINST ANY OF THE RELEASED SONIC PARTIES BASED UPON ANY ALLEGED UNLAWFUL ACT OR OMISSION OF ANY OF THE RELEASED SONIC PARTIES.

6.     <u>TRANSFEREE'S AND ADDED GUARANTOR'S RELEASES OF SONIC AND COVENANTS NOT TO SUE.</u>  EXCEPT FOR CLAIMS ARISING UNDER THIS AGREEMENT, TRANSFEREE AND ADDED GUARANTOR, FOR THEMSELVES AND FOR THEIR RESPECTIVE AFFILIATES, SUBSIDIARIES, AND OTHER GUARANTORS, IF ANY, INCLUDING PERSONS CONTROLLING, CONTROLLED BY, OR UNDER COMMON CONTROL WITH TRANSFEREE, ADDED GUARANTOR, OR BOTH (AS THESE PROPER TERMS ARE DEFINED AND USED IN THE LICENSE AGREEMENTS), JOINTLY AND SEVERALLY HEREBY FOREVER RELEASE AND DISCHARGE SONIC AND SONIC LLC (FORMERLY KNOWN AS SONIC CORP.) AND SONIC LLC'S PARENT COMPANIES (SONIC HOLDING COMPANY AND IRB HOLDING CORP.) AS WELL AS SONIC LLC'S OTHER SUBSIDIARIES AND AFFILIATES AND THEIR ADMINISTERED FUNDS, INCLUDING THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, STOCKHOLDERS, PARTNERS, MEMBERS, AGENTS, AND ATTORNEYS (COLLECTIVELY, THE "RELEASED SONIC PARTIES"), FROM ANY AND ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION, KNOWN AND UNKNOWN, WHETHER EXISTING AT LAW, IN EQUITY, OR BY CONTRACT, STATUTE, OR REGULATION, THAT HAVE OCCURRED OR ACCRUED IN FAVOR OF TRANSFEREE, ADDED GUARANTOR, OR BOTH AGAINST ANY OF THE RELEASED

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

**SONIC PARTIES ON OR BEFORE THE DATE OF THIS AGREEMENT, INCLUDING ANY THAT AROSE OUT OF OR WERE RELATED TO THE LICENSE AGREEMENTS, THE RESTAURANTS, THE SONIC SIGNS, OR ANY OTHER AGREEMENT OR DEALINGS BY AND BETWEEN TRANSFEREE, ADDED GUARANTOR, OR BOTH AND ANY OF THE RELEASED SONIC PARTIES. TRANSFEREE AND ADDED GUARANTOR JOINTLY AND SEVERALLY HEREBY AGREE NOT TO SUE OR FILE ANY LEGAL ACTION OR PROCEEDING AGAINST ANY OF THE RELEASED SONIC PARTIES FOR ANY CLAIMS, DEMANDS, OR CAUSES OF ACTION RELEASED BY THIS SECTION.**

**TRANSFEREE AND ADDED GUARANTOR JOINTLY AND SEVERALLY HEREBY AGREE THAT NO PAST, PRESENT, OR FUTURE DIRECTOR, OFFICER, EMPLOYEE, INCORPORATOR, MEMBER, PARTNER, STOCKHOLDER, SUBSIDIARY, AFFILIATE, CONTROLLING PARTY, ENTITY UNDER COMMON CONTROL, OWNERSHIP, OR MANAGEMENT, VENDOR, SERVICE PROVIDER, AGENT, ATTORNEY, OR REPRESENTATIVE OF SONIC LLC'S PARENT COMPANIES (SONIC HOLDING COMPANY AND IRB HOLDING CORP.) OR THE PARENT COMPANIES' NON-SONIC SUBSIDIARIES AND AFFILIATES, WILL HAVE ANY LIABILITY FOR: (A) ANY OBLIGATIONS OR LIABILITIES OF ANY OF THE RELEASED SONIC PARTIES RELATING TO OR ARISING FROM THIS AGREEMENT, THE LICENSE AGREEMENTS, THE RESTAURANTS, THE SONIC SIGNS, OR ANY OTHER AGREEMENT OR DEALINGS BY AND BETWEEN TRANSFEREE, ADDED GUARANTOR, OR BOTH AND ANY OF THE RELEASED SONIC PARTIES, (B) ANY CLAIMS AGAINST ANY OF THE RELEASED SONIC PARTIES BASED UPON, IN RESPECT OF, OR BY REASON OF THE RELATIONSHIP WITH TRANSFEREE, ADDED GUARANTOR, OR BOTH, OR (C) ANY CLAIMS AGAINST ANY OF THE RELEASED SONIC PARTIES BASED UPON ANY ALLEGED UNLAWFUL ACT OR OMISSION OF ANY OF THE RELEASED SONIC PARTIES.**

7.    <u>Disposition of the Sonic Signs</u>.  As franchisor of the Sonic drive-in restaurant chain, Sonic intends to preserve and protect the goodwill of the Sonic drive-in restaurant chain and the integrity of Sonic's trade name, trademarks, service marks, design patents, and trade dress (the "Proprietary Marks"). The Sonic Signs not only incorporate the Proprietary Marks, but also play an integral role in identifying and projecting the image of the Sonic drive-in restaurant chain to the consuming public.  Therefore, Transferee hereby agrees that simultaneously with the termination or expiration of any of the License Agreements that Transferee will deem Sonic as having the option, but not the obligation, under the License Agreements affected by such termination or expiration to purchase the Sonic Signs so affected.  Sonic will have the immediate right to enter upon the premises

TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

of the Restaurants involved to take possession of and remove the Sonic Signs and hold them pending the determination and payment of the purchase price for the Sonic Signs pursuant to the purchase option provisions in the License Agreements. Effective immediately with Sonic's exercise of the option to purchase the Sonic Signs, title to the Sonic Signs will transfer to Sonic (without the need for any further action or instrument by any party) and Transferee will not have any ownership interest in the Sonic Signs. Instead, Transferee will hold only the contractual right to receive the purchase price for the Sonic Signs in accordance with the purchase option provisions in the License Agreements. Transferee hereby warrants that Sonic's title to the Sonic Signs will be free and clear of all claims, liens, and encumbrances. Transferee hereby agrees that upon Sonic's exercise of the option, that Transferee will immediately remove all claims, liens, and encumbrances at Transferee's cost and expense, and will defend, indemnify, and hold Sonic harmless against the same. This section may serve as a bill of sale to Sonic. Transferee hereby expressly waives the 30-day notice period otherwise required by the purchase option provisions in the License Agreements. However, the purchase option provision (and all other provisions) of the License Agreements will remain in effect. Sonic's exercise of Sonic's rights pursuant to the terms of this section or Sonic's or Sonic's agent's entry onto the Restaurants' premises to remove the Sonic Signs will not constitute trespass, conversion, or any other tort. Transferee hereby releases Sonic and Sonic's agents from any liability for trespass, conversion, or any other tort, except for any actual damage to property or injury to persons proximately caused by the negligence or misconduct of Sonic or any of Sonic's agents during the exercise of Sonic's rights under this section.

8.    Personal Guarantee of Payment and Performance.  Guarantor and Added Guarantor hereby personally guarantee full and timely payment of all financial obligations and performance of all non-financial duties of Transferee hereafter occurring and accruing under the License Agreements that are applicable to Licensee (as "Licensee" is defined in the License Agreements), including (without limitation) the following: (a) payment of all royalty fees owed to Sonic pursuant to the License Agreements, (b) payment of all advertising fees owed to the Sonic Brand Fund and System Marketing Fund pursuant to the License Agreements, (c) payment of all contributions owed to the Restaurants' advertising cooperatives pursuant to the License Agreements, and (d) payment of all other financial obligations, such as the Brand Technology Fund fees, and performance of all other non-financial duties owed to Sonic or Sonic's affiliates relating to the Restaurants or the License Agreements.

9.    Nature of the Guaranties.  Guarantor and Added Guarantor hereby agree that the Guaranties will constitute absolute, unconditional, irrevocable, and continuing guaranties. Sonic will not have any obligation to take any action against any individual or entity for the collection of any payments or enforcement of any performance prior to making any demand for payment or

TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

performance or bringing any action against Guarantor and Added Guarantor regarding the same. Sonic will not have any obligation to give notice to Guarantor or Added Guarantor before taking any enforcement, collection, notice of breach, or termination action against the License Agreements, the Restaurants, or Transferee. Guarantor and Added Guarantor hereby agree that all duties, limitations, and restrictions imposed upon Transferee under the License Agreements that are applicable to Licensee (as "Licensee" is defined in the License Agreements) will equally apply to and be binding upon Guarantor and Added Guarantor as if Guarantor and Added Guarantor were Transferee.

10.    Permitted Actions. From time to time, Sonic will have the right to undertake or allow any "Permitted Action," as defined below, without modifying, reducing, waiving, releasing, impairing, or otherwise adversely affecting Sonic's ability to enforce the Guaranties under this Agreement. Sonic will have the right to undertake or allow any Permitted Action without giving notice to Guarantor and Added Guarantor or obtaining Guarantor's or Added Guarantor's consent, without the necessity of any reservations of rights against Guarantor and Added Guarantor, and without liability on Sonic's part. Permitted Action will mean with regard to the License Agreements: (a) any extension of time granted by Sonic for payment of any sum due or performance of any duty, (b) any change required by Sonic in the manner or place of payment of any sum due or performance of any duty, (c) any waiver granted by Sonic with regard to any defaults, (d) any delay or failure by Sonic to exercise any right or remedy that Sonic may have, (e) any leniencies, waivers, extensions, or indulgences granted by Sonic, and (f) any amendments agreed to by Sonic and Transferee.

11.    Waiver of Notice of Acceptance. Guarantor and Added Guarantor hereby acknowledge and waive notice of Sonic's acceptance of the Guaranties under this Agreement.

12.    Restriction of Issuance and Transfer of Ownership Interests. Transferee hereby acknowledges and agrees that after the date of this Agreement that Transferee may neither issue any additional ownership interests in Transferee nor allow the transfer of any ownership interests in Transferee to any individual or entity without the prior written consent of Sonic as set forth in the License Agreements. Guarantor and Added Guarantor hereby acknowledge and agree that Guarantor and Added Guarantor may not transfer, assign, or pledge any portion of Guarantor's or Added Guarantor's ownership interests in Transferee to any individual or entity without the prior written consent of Sonic as set forth in the License Agreements.

13.    Remedies. The parties acknowledge that Sonic's remedy at law for any breach of any duties or obligations of a party under this Agreement would not constitute an adequate remedy. Therefore, Sonic will have the right to obtain temporary and permanent injunctive relief in any proceeding brought to enforce any of those provisions, without the necessity of proof of actual damage

TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

or posting bond. However, nothing in this section will prevent Sonic from pursuing separately or concurrently one or more of any other remedies available at law.

14.     Disputes. Any dispute between the parties concerning this Agreement will be resolved in accordance with the resolution of disputes provisions contained in the License Agreements. If Sonic files suit to enforce the provisions of this Agreement, then the federal and state courts in Oklahoma County, Oklahoma, will have exclusive and proper venue and personal jurisdiction over the parties. Each of the parties expressly waives any and all objections to exclusive and proper venue and personal jurisdiction in any of those courts.

15.     Attorneys' Fees, Costs, and Expenses. In any action brought by Sonic to enforce the duties and obligations of a party hereunder, Sonic will have the right to collect from that party Sonic's reasonable attorneys' fees, costs, and expenses incurred in the action.

16.     Headings. The headings used in this Agreement appear strictly for the parties' convenience in identifying the provisions of this Agreement and will not affect the construction or interpretation of the provisions of this Agreement.

17.     Binding Effect. This Agreement binds and inures to the benefit of the parties and their respective heirs, executors, personal representatives, successors, and permitted assigns.

18.     Governing Law. Notwithstanding the place where the parties execute this Agreement, the internal laws of Oklahoma will govern the construction of the terms and the application of the provisions of this Agreement.

19.     Amendment. No amendment to this Agreement will become effective or binding upon a party unless agreed to in writing signed by the party to be bound or affected by the amendment.

20.     Waiver. The failure of a party to insist in any one or more instances on the performance of any term or condition of this Agreement will not operate as a waiver of any future performance of that term or condition.

21.     Time. Time constitutes an essential part of each and every part of this Agreement.

22.     Notice. Except as otherwise provided in this Agreement, when this Agreement makes provision for notice or concurrence of any kind, the sending party will deliver or address the notice

TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

to the other parties by certified mail or nationally-recognized overnight delivery service to the following address:

| | |
|---|---|
| Transferor: | Attn Sunil Dharod<br>13355 Noel Road, Suite 1645<br>Dallas, Texas 75240 |
| Transferee: | Attn Sunil Dharod<br>13355 Noel Road, Suite 1645<br>Dallas, Texas 75240 |
| Guarantor: | 13355 Noel Road, Suite 1645<br>Dallas, Texas 75240 |
| Added Guarantor: | Attn Sunil Dharod<br>13355 Noel Road, Suite 1645<br>Dallas, Texas 75240 |
| Sonic: | Three Glenlake Parkway NE<br>Atlanta, Georgia 30328<br>Attention: Vice President, Franchise Counsel |

All notices pursuant to the provisions of this Agreement will run from the date that the other party receives the notice, the next business day after giving the correspondence to a nationally-recognized overnight delivery service, or three business days after the party places the notice in the United States mail. Each party may change the party's address by giving written notice to the other parties.

23.    Construction. In construing any provision of this Agreement, the rule of construction that provides for an ambiguity in a contract to be construed against the drafter will not apply.

24.    Severability. If an arbitrator or court of competent jurisdiction holds any provision of this Agreement invalid or ineffective with respect to any provision, then such holding will not affect the remainder of this Agreement. If an arbitrator or court of competent jurisdiction holds any provision of this Agreement to be too broad to allow enforcement of the provision to its full extent, then the arbitrator or court will have the power and authority to enforce the provision to the maximum extent permitted by law and may modify the scope of the provision accordingly pursuant to an order.

TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450
10

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

25.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same instrument.

26.    <u>Effective Date of Transfer</u>.    The effective date of transfer of the License Agreements shall be deemed to be <u>November 25</u>, 2020.

27.    <u>Facsimile and Electronic Mail</u>. Delivery of an executed counterpart of this Agreement by telefacsimile or electronic mail shall be equally effective as delivery of a manually-executed counterpart of this Agreement.  Any party delivering an executed counterpart of this Agreement by telefacsimile or electronic mail shall also deliver a manually-executed counterpart of this Agreement, but the failure to deliver a manually-executed counterpart shall not affect the validity, enforceability, or binding effect of this Agreement.

28.    **MUST USE REQUIRED MEANS OF PAYMENT FOR RECURRING ACCRUALS.    TRANSFEREE HEREBY AGREES TO ARRANGE FOR THE RESTAURANTS TO PAY RECURRING MONTHLY ACCRUALS UNDER THE LICENSE AGREEMENTS TO SONIC USING SONIC'S AUTOMATED CLEARINGHOUSE ("ACH") DRAFTS OR OTHER ELECTRONIC MEANS AS REQUIRED BY SONIC AND CONTINUE TO PAY SONIC THROUGH SUCH MEANS AS REQUIRED BY SONIC DURING THE TERMS OF THE LICENSE AGREEMENTS. TRANSFEREE ALSO HEREBY AGREES THAT FAILURE TO PAY SONIC THROUGH SUCH MEANS AS REQUIRED BY SONIC WILL CONSTITUTE A MATERIAL DEFAULT OF THE LICENSE AGREEMENTS.**

*(Signatures appear on the next page.  The remainder of this page is intentionally left blank.)*

TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450
11

DocuSign Envelope ID: 7FB812DE-03FA-432B-8362-2C20B4ED6D8C

In witness of their agreement, the parties have executed this Agreement as of the day and year first set forth above.

Transferor:

**LET'S SHAKE ON IT, LLC**

By: _____
**SUNIL DHAROD**, Managing Member

Transferee:

**LET'S SHAKE, LLC**
By: **STILL SHAKIN IT, LLC**
    Manager

By: _____
**SUNIL DHAROD**, Manager

Guarantor:

**SUNIL DHAROD**

Added Guarantor:

**LET'S SHAKE ON IT, LLC**

By: _____
**SUNIL DHAROD**, Managing Member

Sonic:

**SONIC INDUSTRIES LLC**

By: *Lisa P. Storey* _____
**LISA STOREY**
Vice President, Franchise Counsel

Sonic:

**SONIC FRANCHISING LLC**

By: *Lisa P. Storey* _____
**LISA STOREY**
Vice President, Franchise Counsel

**TRANSFER AND RELINQUISHMENT OF LICENSE AGREEMENTS**
SC#s 1839, 2869, 2873, 2904, 2943, 2949, 2950, 2952, 2955, 2959, 2970,
2973, 2976, 2981, 2983, 3376, 3465, 3532, 3630, 3659, 3696, 3709, 3841,
3849, 3851, 3898, 3933, 3934, 4043, 4060, 4094, 4117, 4276, 4451, 4575,
4869, 5134, 5158, 5210, 5214, 5333, 5391, 5439, 5676, 5703, 5918, and 6450
12

DocuSign Envelope ID: 59669526-9275-4AD0-AAC4-769B5EE02F6B

## TRANSFER AND RELINQUISHMENT OF LICENSES AGREEMENT
### (SRI Operating Company to Let's Shake on It, L.L.C.)

This **TRANSFER AND RELINQUISHMENT OF LICENSES AGREEMENT** (this "Agreement") is made effective July 1, 2020 _____ (the "Effective Date"), by and among **SRI OPERATING COMPANY** ("SRIOC"), **LET'S SHAKE ON IT, L.L.C.** ("Licensee"), and **SONIC INDUSTRIES LLC** ("SIL") and **SONIC FRANCHISING LLC** ("SFL") (SIL and SFL, collectively, "Sonic").

### W I T N E S S E T H :

WHEREAS, Sonic, as licensor, and SRIOC and Licensee, as co-licensees, are parties to those certain Sonic license agreements (as amended, the "License Agreements") and any sign purchase or sign lease agreements for the Sonic restaurants listed in the table attached as Exhibit A to this Agreement (the "Restaurants"); and

WHEREAS, SRIOC is selling or has sold to Licensee all of SRIOC's membership interests in Let's Shake, L.L.C., that owns and operates the Restaurants; and

WHEREAS, SRIOC and Licensee desire to remove SRIOC as a party from the License Agreements.

Now, therefore, in consideration of the mutual covenants contained in this Agreement, the parties agree as follows:

1.      <u>SRIOC's and Licensee's Warranties and Representations to Sonic</u>.  SRIOC and Licensee hereby warrant and represent to the best of their knowledge that Sonic to date has performed all of Sonic's financial obligations and non-financial duties under the License Agreements.

2.      <u>SRIOC's Transfer and Relinquishment of the License Agreements</u>.  SRIOC hereby transfers, assigns, conveys, relinquishes, and quitclaims to Licensee all of SRIOC's right, title, and interest in and to the License Agreements and the Restaurants' premises signs (the "Sonic Signs") and hereby requests and consents to SRIOC's removal as a party from the License Agreements.

3.      <u>Licensee's Acceptance of SRIOC's Transfer and Relinquishment of the License Agreements</u>.  Licensee hereby accepts SRIOC's foregoing transfer, assignment, conveyance, relinquishment, and quitclaim of all of SRIOC's right, title, and interest in and to the License Agreements and the Sonic Signs to Licensee, and consents to SRIOC's removal as a party from the License Agreements. Licensee hereby acknowledges and agrees that SRIOC's removal will not limit or diminish Licensee's financial obligations and non-financial duties owed to Sonic under the License Agreements.

4.      <u>Sonic's Consent to SRIOC's Transfer and Relinquishment of the License Agreements</u>.  Sonic hereby consents to SRIOC's foregoing transfer, assignment, conveyance, relinquishment, and quitclaim of all of SRIOC's right, title, and interest in and to the License Agreements and the Sonic Signs to Licensee, and consents to SRIOC's removal as a party from the License Agreements.

DocuSign Envelope ID: 59669526-9275-4AD0-AAC4-769B5EE02F6B

5.    <u>SRIOC'S AND LICENSEE'S RELEASES AND COVENANTS NOT TO SUE</u>. EXCEPT FOR CLAIMS ARISING UNDER THIS AGREEMENT, SRIOC AND LICENSEE, FOR THEMSELVES AND THEIR RESPECTIVE AFFILIATES, SUBSIDIARIES, AND GUARANTORS, IF ANY, INCLUDING PERSONS CONTROLLING, CONTROLLED BY, OR UNDER COMMON CONTROL WITH SRIOC, LICENSEE, OR BOTH (AS THESE PROPER TERMS ARE DEFINED IN THE LICENSE AGREEMENTS), JOINTLY AND SEVERALLY HEREBY FOREVER RELEASE AND DISCHARGE SONIC AND SONIC LLC (FORMERLY KNOWN AS SONIC CORP.) AND SONIC LLC'S OTHER SUBSIDIARIES, AFFILIATES, AND ADMINISTERED FUNDS, AND THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, STOCKHOLDERS, PARTNERS, MEMBERS, AGENTS, AND ATTORNEYS (COLLECTIVELY, THE "RELEASED SONIC PARTIES") FROM ANY AND ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION, KNOWN AND UNKNOWN, WHETHER EXISTING AT LAW, IN EQUITY, OR BY CONTRACT, STATUTE, OR REGULATION, THAT HAVE OCCURRED OR ACCRUED IN FAVOR OF SRIOC, LICENSEE, OR BOTH AGAINST ANY OF THE RELEASED SONIC PARTIES ON OR BEFORE THE DATE OF THIS AGREEMENT, INCLUDING ANY THAT AROSE OUT OF OR WERE RELATED TO THE LICENSE AGREEMENTS, THE RESTAURANTS, THE SONIC SIGNS, ANY GUARANTY OF THE LICENSE AGREEMENTS, OR ANY OTHER AGREEMENT OR DEALINGS THAT SRIOC, LICENSEE, OR BOTH HAD WITH ANY OF THE RELEASED SONIC PARTIES. SRIOC AND LICENSEE JOINTLY AND SEVERALLY HEREBY AGREE NOT TO SUE OR FILE ANY LEGAL ACTION OR PROCEEDING AGAINST ANY OF THE RELEASED SONIC PARTIES FOR ANY CLAIMS, DEMANDS, OR CAUSES OF ACTION RELEASED BY THIS SECTION.

SRIOC AND LICENSEE JOINTLY AND SEVERALLY HEREBY AGREE THAT NO PAST, PRESENT, OR FUTURE DIRECTOR, OFFICER, EMPLOYEE, INCORPORATOR, MEMBER, PARTNER, STOCKHOLDER, SUBSIDIARY, AFFILIATE, CONTROLLING PARTY, ENTITY UNDER COMMON CONTROL, OWNERSHIP, OR MANAGEMENT, VENDOR, SERVICE PROVIDER, AGENT, ATTORNEY, OR REPRESENTATIVE OF SONIC LLC'S PARENT COMPANIES (REFERRING TO IRB HOLDING CORP. AND SONIC HOLDING COMPANY), INCLUDING THE PARENT COMPANIES' NON-SONIC SUBSIDIARIES AND AFFILIATES, WILL HAVE ANY LIABILITY FOR: (A) ANY OBLIGATIONS OR LIABILITIES OF ANY OF THE RELEASED SONIC PARTIES RELATING TO OR ARISING FROM THIS AGREEMENT, THE LICENSE AGREEMENTS, THE RESTAURANTS, THE SONIC SIGNS, ANY GUARANTY OF THE LICENSE AGREEMENTS, OR ANY OTHER AGREEMENT OR DEALINGS THAT SRIOC, LICENSEE, OR BOTH HAD WITH ANY OF THE RELEASED SONIC PARTIES, (B) ANY CLAIM AGAINST ANY OF THE RELEASED SONIC PARTIES BASED UPON, IN RESPECT OF, OR BY REASON OF THE RELATIONSHIP BETWEEN SRIOC, LICENSEE, OR BOTH AND ANY OF THE RELEASED SONIC PARTIES, OR (C) ANY CLAIM AGAINST ANY OF THE RELEASED SONIC PARTIES BASED UPON ANY ALLEGED UNLAWFUL ACT OR OMISSION BY ANY OF THE RELEASED SONIC PARTIES.

DocuSign Envelope ID: 59669526-9275-4AD0-AAC4-769B5EE02F6B

6.    <u>Remedies</u>.  All parties to this Agreement hereby acknowledge that Sonic's remedy at law for any breach of any duties or obligations under this Agreement would not constitute an adequate remedy.  Therefore, Sonic will have the right to obtain temporary and permanent injunctive relief in any proceeding brought to enforce any of those provisions, without the necessity of proof of actual damage or posting bond.  However, nothing in this section will prevent Sonic from pursuing separately or concurrently one or more of any other remedies available at law.

7.    <u>Disputes</u>.  Any dispute between the parties concerning this Agreement will be resolved in accordance with the dispute resolution provisions contained in the License Agreements.

8.    <u>Attorneys' Fees, Costs, and Expenses</u>.  In any action brought by Sonic to enforce the financial obligations and non-financial duties of any party to this Agreement, Sonic will have the right to collect from that party Sonic's reasonable attorneys' fees, court costs, and expenses incurred in the action.

9.    <u>Headings</u>.  The headings used in this Agreement appear strictly for the parties' convenience in identifying the provisions of this Agreement and will not affect the construction or interpretation of the provisions of this Agreement.

10.    <u>Binding Effect</u>.  This Agreement binds and inures to the benefit of the parties and their respective heirs, executors, personal representatives, successors, and permitted assigns.

11.    <u>Governing Law</u>.  Notwithstanding the place where the parties execute this Agreement, the internal laws of Oklahoma will govern the construction of the terms and the application of the provisions of this Agreement.

12.    <u>Amendment</u>.  No amendment to this Agreement will become effective or binding upon a party unless agreed to in writing, signed by the party to be bound or affected by the amendment.

13.    <u>Waiver</u>.  The failure of a party to insist in any one or more instances on the performance of any term or condition of this Agreement will not operate as a waiver of any future performance of that term or condition.

14.    <u>Time</u>.  Time constitutes an essential part of each and every part of this Agreement.

15.    <u>Notice</u>.  Except as otherwise provided in this Agreement, when this Agreement makes provision for notice or concurrence of any kind, the sending party will deliver or address the notice to the other parties by certified mail or nationally-recognized overnight delivery service to the following address:

SRIOC:                              Three Glenlake Parkway NE
                                    Atlanta, Georgia 30328
                                    Attention:  Vice President, Franchise Counsel


TRANSFER AND RELINQUISHMENT OF LICENSES AGREEMENT
(SRI Operating Company to Let's Shake on It, L.L.C.)
3

DocuSign Envelope ID: 59869528-9275-4AD0-AAC4-769B5EE02F6B

| | |
|---|---|
| Licensee: | 13355 Noel Road, Suite 1645<br>Dallas, Texas 75240<br>Attention: Sunil Dharod |
| Sonic: | Three Glenlake Parkway NE<br>Atlanta, Georgia 30328<br>Attention: Vice President, Franchise Counsel |

All notices pursuant to the provisions of this Agreement will run from the date that the other party receives the notice, the next business day after giving the correspondence to a nationally-recognized overnight delivery service, or three business days after the party places the notice in the United States mail. Each party may change the party's address by giving written notice to the other parties.

16.     <u>Construction</u>. In construing any provision of this Agreement, the rule of construction that in the case of ambiguity a contract is to be construed against the drafter will not apply.

17.     <u>Severability</u>. If an arbitrator or court of competent jurisdiction holds any provision of this Agreement invalid or ineffective with respect to any provision, then such holding will not affect the remainder of this Agreement. If an arbitrator or court of competent jurisdiction holds any provision of this Agreement too broad to allow enforcement of the provision to its full extent, then the arbitrator or court will have the power and authority to enforce the provision to the maximum extent permitted by law and may modify the scope of the provision accordingly pursuant to an order.

18.     <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same instrument.

*(Signatures appear on the next page. The remainder of this page is intentionally left blank.)*

TRANSFER AND RELINQUISHMENT OF LICENSES AGREEMENT
(SRI Operating Company to Let's Shake on It, L.L.C.)
4

DocuSign Envelope ID: 59669526-9275-4AD0-AAC4-769B5EE02F6B

IN WITNESS WHEREOF, Seller and Buyer have executed this Agreement effective as of the Effective Date.

SRIOC:

**SRI OPERATING COMPANY**

By: _____
    **LISA STOREY**
    Vice President, Franchise Counsel

LICENSEE:

**LET'S SHAKE ON IT, L.L.C.**

By _____
    Managing Member

SONIC:

**SONIC INDUSTRIES LLC**

By: _____
    **LISA STOREY**
    Vice President, Franchise Counsel

SONIC:

**SONIC FRANCHISING LLC**

By: _____
    **LISA STOREY**
    Vice President, Franchise Counsel

TRANSFER AND RELINQUISHMENT OF LICENSES AGREEMENT
(SRI Operating Company to Let's Shake on It, L.L.C.)

5

DocuSign Envelope ID: 09031CAD-6501-4023-A3CD-8FA09F8D4773

IN WITNESS WHEREOF, Seller and Buyer have executed this Agreement effective as of the Effective Date.

SRIOC:                          **SRI OPERATING COMPANY**

                                By: _Lisa P. Storey_____
                                    LISA STOREY
                                    Vice President, Franchise Counsel

LICENSEE:                       **LET'S SHAKE ON IT, L.L.C.**

                                By: _____
                                    Managing Member

SONIC:                          **SONIC INDUSTRIES LLC**

                                By: _Lisa P. Storey_____
                                    LISA STOREY
                                    Vice President, Franchise Counsel

SONIC:                          **SONIC FRANCHISING LLC**

                                By: _Lisa P. Storey_____
                                    LISA STOREY
                                    Vice President, Franchise Counsel

DocuSign Envelope ID: 59669526-9275-4AD0-AAC4-769B5EE02F6B

Exhibit A

## THE RESTAURANTS AND THE LICENSE AGREEMENTS

| SDI # | Address | City | State | Type | SIL/SFL | Effective |
|---|---|---|---|---|---|---|
| 1839 | 9080 FM 78 | CONVERSE | TX | 42II | SFL | 9/1/14 |
| 2869 | 6523 SAN PEDRO AVE | SAN ANTONIO | TX | 42II | SFL | 9/1/14 |
| 2873 | 320 FARM MARKET 78 | SCHERTZ | TX | 42II | SFL | 9/1/14 |
| 2904 | 5031 RIGSBY AVENUE | SAN ANTONIO | TX | 42II | SFL | 9/1/14 |
| 2943 | 6111 INGRAM ROAD | SAN ANTONIO | TX | 42II | SFL | 9/1/14 |
| 2949 | 7902 CULEBRA | SAN ANTONIO | TX | 42II | SFL | 9/1/14 |
| 2950 | 1611 SOUTH GENERAL MCMULLEN | SAN ANTONIO | TX | 42II | SFL | 9/1/14 |
| 2952 | 13131 NACOGDOCHES | SAN ANTONIO | TX | 42II | SFL | 9/1/14 |
| 2955 | 5510 BABCOCK ROAD | SAN ANTONIO | TX | 42II | SFL | 9/1/14 |
| 2959 | 9429 FREDERICKSBURG RD. | SAN ANTONIO | TX | 42II | SFL | 9/1/14 |
| 2970 | 4319 SOUTH NEW BRAUNFELS | SAN ANTONIO | TX | 70 | SIL | 10/1/08 |
| 2973 | 2314 THOUSAND OAKS | SAN ANTONIO | TX | 70 | SIL | 10/1/08 |
| 2976 | 5221 DEZAVALA ROAD | SAN ANTONIO | TX | 51 | SFL | 9/1/14 |
| 2981 | 1730 HORAL DRIVE | SAN ANTONIO | TX | 51 | SFL | 9/1/14 |
| 2983 | 955 EAST BITTERS ROAD | SAN ANTONIO | TX | 51 | SFL | 9/1/14 |
| 3376 | 2301 BLANCO RD | SAN ANTONIO | TX | 51 | SFL | 11/10/15 |
| 3465 | 6608 FM 78 | SAN ANTONIO | TX | 51 | SIL | 6/24/96 |
| 3532 | 16401 NACOGDOCHES ROAD | SAN ANTONIO | TX | 51 | SIL | 2/27/97 |
| 3630 | 351 VALLEY HI DRIVE | SAN ANTONIO | TX | 51 | SIL | 8/4/97 |
| 3659 | 422 S ZORZAMORA | SAN ANTONIO | TX | 51 | SIL | 11/5/97 |
| 3696 | 14635 HUEBNER ROAD | SAN ANTONIO | TX | 51 | SIL | 11/5/97 |
| 3709 | 1281 JUNCTION HIGHWAY | KERRVILLE | TX | 60 | SIL | 2/17/98 |
| 3841 | 10831 POTRANCO ROAD | SAN ANTONIO | TX | 60 | SIL | 7/8/98 |
| 3849 | 2135 IH35 NORTH | SAN ANTONIO | TX | 60 | SIL | 8/10/98 |
| 3851 | 121 WEST BANDERA | BOERNE | TX | 60 | SIL | 9/16/98 |
| 3898 | 11725 O'CONNER ROAD | SAN ANTONIO | TX | 60 | SIL | 10/27/98 |
| 3933 | 18535 US HIGHWAY 281 N | SAN ANTONIO | TX | 6A | SIL | 5/13/99 |
| 3934 | 6341 PEARSALL ROAD | SAN ANTONIO | TX | 6A | SIL | 5/13/99 |
| 4043 | 973 BANDERA ROAD | SAN ANTONIO | TX | 6A | SIL | 9/20/99 |
| 4060 | 3510 ROOSEVELT AVENUE | SAN ANTONIO | TX | 6A | SIL | 1/10/01 |
| 4094 | PO BOX 1626 | BANDERA | TX | 6A | SIL | 9/26/00 |
| 4117 | 811 SAN PEDRO | SAN ANTONIO | TX | 6A | SIL | 2/24/00 |
| 4276 | 10885 FM 471 WEST | SAN ANTONIO | TX | 6A | SIL | 5/14/01 |
| 4451 | 12405 BANDERA ROAD | HELOTES | TX | 6A | SIL | 8/20/01 |
| 4575 | 4318 VANCE JACKSON ROAD | SAN ANTONIO | TX | 6A | SIL | 12/28/01 |
| 4869 | 9424 WEST FM 471 | SAN ANTONIO | TX | 6A | SIL | 8/7/03 |

TRANSFER AND RELINQUISHMENT OF LICENSES AGREEMENT
(SRI Operating Company to Let's Shake on It, L.L.C.)

DocuSign Envelope ID: 59669526-9275-4AD0-AAC4-769B5EE02F6B

| X5134 | 1435 AUSTIN HWY | SAN ANTONIO | TX | 6A | SIL | 1/19/05 |
| X 5158 | 1727 SIDNEY BAKER | KERRVILLE | TX | 6A | SIL | 5/26/04 |
| X5210 | 2209 NW MILITARY HWY | CASTLE HILL | TX | 6A | SIL | 11/23/04 |
| X5214 | 4623 IH 35 SOUTH | SAN ANTONIO | TX | 6A | SIL | 3/15/05 |
| X5333 | 9703    POTEET-JOURDANTON FWY | SAN ANTONIO | TX | 6A | SIL | 2/27/06 |
| X5391 | 24039 I-10 WEST | SAN ANTONIO | TX | 6A | SIL | 3/23/06 |
| X 5439 | 8738 POTRANCO ROAD | SAN ANTONIO | TX | 6A | SIL | 6/9/06 |
| X5676 | 9684 WEST LOOP 1604 NORTH | SAN ANTONIO | TX | 6A | SIL | 5/23/07 |
| X5703 | 8316 HAUSMAN RD | SAN ANTONIO | TX | 6A | SIL | 9/20/07 |
| X 5918 | 3035 TPC PKWY | SAN ANTONIO | TX | 6A | SIL | 11/21/08 |
| X6450 | 4039 SOUTH LOOP 1604 E | SAN ANTONIO | TX | 70 | SFL | 11/4/14 |

TRANSFER AND RELINQUISHMENT OF LICENSES AGREEMENT
(SRI Operating Company to Let's Shake on It, L.L.C.)