IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONIC INDUSTRIES LLC, a Delaware limited liability company, and SONIC FRANCHISING LLC, a Delaware limited liability company,<br><br>               Plaintiffs,<br><br>v.<br><br>LET'S SHAKE, L.L.C., a Texas limited liability company, SUNIL DHAROD, an individual, and LET'S SHAKE ON IT, L.L.C., a Texas limited liability company,<br><br>               Defendants. | Case No. 5:24-cv-00474-HE |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**A.  Defendants' Fatal Admissions Confirm Summary Judgment is Warranted.**

Plaintiffs' Motion for Summary Judgment (Doc 39) is based on the undisputed facts that the Defendants (1) are parties to written contracts that clearly and unambiguously require the payment of certain fees based on the gross sales generated by their franchised restaurants, (2) have operated and continue to operate the franchised restaurants, and (3) have not paid Sonic any contractual fees since September 17, 2024. Doc 39, p. 1 ("Preliminary Statement"). Defendants' Response (Doc 46) confirms these undisputed facts by unequivocally admitting UMFs 1-8 (execution of the agreements that require Defendants to pay fees to Plaintiffs), 38 and 52 (issuance of default notices when

Defendants failed to pay the required fees) and 54 (confirmation that Defendants have not paid any of the required fees since September 17, 2024).

### B. Defendants' Failure to Validly Dispute the Amounts Due Warrants Summary Judgment.

The only UMFs Defendants purport to dispute are the amounts due and owing for each restaurant (UMFs 9-37, 39-51, 53). Contrary to the mandatory requirement of Fed. R. Civ. P. 56(c), Defendants fail to cite to any supporting record evidence, merely stating in conclusory fashion, "Defendants dispute that the amounts claimed to be owed are correct as alleged in Nos. 9-37, 39-51, and 53." Doc 46, p. 4.  See also LCvR56.1(d). Defendants' conclusory statement fails to satisfy Rule 56 and fails to avoid summary judgment. LCvR56.1(e).[1]

---

[1] Defendants' Response includes additional violations of Rule 56. For example, the Declaration of Kerry Assa includes at least one statement made "on information and belief." Doc 46-2, ¶11. Rule 56(c)(4) of the Federal Rules of Civil Procedure governs the use of declarations and affidavits in support of or in opposition to a motion for summary judgment. An affidavit submitted "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on matters stated." *Id.*  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. *Russell v. Phillips 66 Co.*, 687 Fed.Appx. 748, 752 (10th Cir. 2017); Fed. R. Civ. 56(c)(2).  When an affidavit submitted in support of a motion for summary judgment contains inadmissible evidence, the court should disregard the inadmissible portions of the affidavit. *Lee v. Nat'l Life Assur. Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980).  "[A]t the summary judgment stage, 'statements of mere belief' in an affidavit must be disregarded." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (citation omitted).

Defendants contend that "Plaintiffs want this Court and Defendants to simply take it on their word that the alleged amounts are due under the Agreements before allowing the discovery process to play out." Doc 46 at 14. Defendants' contention has two major flaws.

First, the suggestion that Plaintiffs' MSJ is a rush to judgment without an opportunity for discovery is disingenuous, at best. This case was filed May 9, 2024. The Court's Scheduling Order was entered June 4, 2025 (Doc 31). The deadline to complete discovery was December 1, 2025. Doc 31 at ¶6. Defendants did not initiate any discovery activity in this case at any time.[2]

Second, Plaintiffs are not asking the Court or Defendants to "simply take it on their word" the amounts due. Plaintiffs' MSJ contains a separate UMF for the amount due for each restaurant with a specific citation to the record evidence in the form of Ted Tetrick's Declaration (Exhibit 2 to the MSJ) and the detailed spreadsheet attached thereto as Exhibit 2-A. Mr. Tetrick's Declaration explains how the contractual fees are calculated. Doc 39-2 at ¶¶5-11. It is important to note that the fees at issue are based on a percentage of the gross sales *for each restaurant operated by Defendants*. The gross sales for each restaurant were reported to Sonic by Defendants. Defendants' failure to provide any evidence to specifically controvert the amount due for any restaurant speaks volumes and warrants the entry of summary judgment.

---

[2] In contrast, Plaintiffs served written discovery requests (interrogatories and document requests) on Defendants on June 10, 2025. Despite repeated assurances, Defendants never provided written responses or produced any documents. Plaintiffs opted not to file a motion to compel because they believed (and continue to believe) they could file their MSJ without discovery from Defendants and avoid the expense associated with a discovery motion.

3

C. **<u>Defendants' Attempt to Rely on Their Counterclaims That Have Been Referred to Binding Arbitration (at Defendants' Request) Fails to Avoid Summary Judgment.</u>**

Most of Defendants' Response is devoted to the contention that Sonic breached the subject agreements first by allegedly violating the LAs' Trade Radius provisions. This is the same contention that is the focal point of Defendants' Counterclaims. Doc 9 at 8-16. In its Order on Defendants' Motion to Compel Arbitration (Doc 27), the Court granted the Motion as to Defendants' counterclaims and ordered those to arbitration and stayed further proceedings in this case as to those counterclaims. Doc 27 at 6. The Court also found that "**resolution of defendants' counterclaims is not necessary to compute the amount of fees otherwise due the plaintiffs under the agreements**." Doc 27 at 5 (emphasis added).

The Court issued its Order on Defendants' Motion to Compel Arbitration on May 27, 2025. Defendants have not initiated arbitration of their counterclaims in the subsequent seven months. Defendants remain free to initiate arbitration of their counterclaims if and when they choose to do so. However, they cannot obstruct the timely disposition of Plaintiffs' claims in this case by attempting to rely on stayed counterclaims that have been ordered to binding arbitration *at Defendants' request*.

D. **<u>Defendants' Unsupported Affirmative Defenses Fail to Avoid Summary Judgment</u>.**

Defendants' Response contends performance of its payment obligations was (1) rendered commercially impracticable due to the Covid-19 pandemic, (2) impossible or impracticable by Sonic's refusal to allow franchised restaurants to be closed, and (3)

frustrated by Sonic's refusal to approve certain sites for new restaurants.[3] None of these contentions avoid summary judgment.

1. *The Pandemic Excuse.*

Defendants' Response contends that "unforeseen circumstances resulting from the emergence of, and response to, the Covid-19 pandemic made performance under the Agreements impracticable." Doc 46 at 3. Defendants attempt to support their commercial impracticability defense by their "Additional Material Facts that Preclude Summary Judgment," Nos. 7-10. These purported facts fail to avoid summary judgment and can be summarized as follows:

- Restaurants in Texas were restricted to drive-thru and carryout only,

- As a result, Sonic restaurants (that utilize drive-thru and carryout) experienced a *significant increase* in revenues during the pandemic, and

- When the pandemic passed, revenues returned to normal levels, cost of goods increased due to supply chain issues and labor force issues were encountered due to workers' reluctance or unwillingness to return to work.

Clearly, it was possible for Defendants to pay the contractual fees owed to Plaintiffs because their restaurants continued to generate gross sales – during and after the pandemic - which triggers the obligation to pay fees.

---

[3] Defendants' Answer includes as affirmative defenses "the doctrine of impossibility or impracticability of performance" and "the doctrine of frustration of purposes of contract." Doc 9, p. 7, ¶¶7, 8.

2. *The Store Closure Excuse.*

Defendants contend that they asked permission to close nine underperforming restaurants, but Sonic denied their requests and that such denial made it impossible or impracticable to comply with their payment obligations for all their restaurants. Notably absent is any reference to a single provision in the LAs that gives the Defendants a right to close a restaurant or obligates Sonic to allow closure. No such provision exists. In contrast, the LAs clearly and unambiguously require the franchisee to continuously operate the franchised restaurant. See §6.05(c)(vi) of Docs 39-4, p. 15; 39-5, p. 13; 39-6, p. 14; 39-7, p. 14; and 39-8, p. 23 (Exhibits 4-8 to MSJ).

3. *The Refusal to Approve Sites Excuse.*

Defendants contend that Sonic frustrated the purpose of the contracts by refusing to approve certain proposed sites for development of new restaurants. Defendants' contention conspicuously omits any reference to the clear and unambiguous express terms of the Development Agreement (Exhibit 1) which states, in pertinent part, "Sonic may review the site, conduct such other investigation of the proposed site it determines is necessary to properly evaluate the site, and, ***in Sonic's sole discretion, either accept or reject the site*** by written notice to Developer." Ex. 1 at ¶6 (a) (emphasis added).

E. **Defendants' Inclusion of "Additional Material Facts that Preclude Summary Judgment" Fails to Avoid Summary Judgment.**

Pursuant to Fed. R. Civ. P. 56 (c)(1)(A), Defendants' "Additional Material Facts" ("AMFs") are not material and do not establish the presence of a genuine dispute where none exists.

AMFs 1-6 are immaterial in the context of Plaintiffs' MSJ because they all relate to Defendants' Counterclaims which have been stayed in this case and ordered to proceed in binding arbitration. See Part C above.

AMFs 7-10 are immaterial in the context of Plaintiffs' MSJ because they all relate to Defendants' Covid-based defense of commercial impracticability. See Part D (1) above.

AMFs 11-14 are immaterial in the context of Plaintiffs' MSJ because they all relate to Defendants' refusal-to-allow-closure defense of impossibility or impracticability. See Part D (2) above.

AMFs 15-16 are immaterial in the context of Plaintiffs' MSJ because they all relate to Defendants' refusal-to-approve-sites defense of frustration of purpose. See Part D (3) above.

F. **Requested Relief.**

Plaintiffs respectfully request that the Court sustain their Motion for Summary Judgment and enter judgment in favor of Plaintiffs and against Defendants Let's Shake, L.L.C., Let's Shake On It, L.L.C. and Sunil Dharod, jointly and severally, in the amount of $5,839,429.82, as of July 31, 2025, exclusive of attorney's fees and costs[4], with interest continuing to accrue until paid in full.

---

[4] Plaintiffs reserve their right to move for an award of their costs, including reasonable attorney's fees, against each Defendant.

Respectfully submitted,

s/Joe M. Hampton
JOE M. HAMPTON, OBA No. 11851
TOBY M. McKINSTRY, OBA No. 17401
MAGGIE M. LOGAN, OBA No. 33222
TOMLINSON MCKINSTRY, P.C.
Two Leadership Square
211 North Robinson Ave., Suite 450
Oklahoma City, OK 73102
Telephone: (405) 702-4346
Facsimile: (833) 657-0184
joeh@tmoklaw.com
tobym@tmoklaw.com
maggiel@tmoklaw.com

**ATTORNEYS FOR PLAINTIFFS,
SONIC INDUSTRIES LLC and
SONIC FRANCHISING LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the NextGen CM/ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/Joe M. Hampton
JOE M. HAMPTON