IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONIC INDUSTRIES LLC, ) <br> a Delaware limited liability company, and ) <br> SONIC FRANCHISING LLC, ) <br> a Delaware limited liability company, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LET'S SHAKE, L.L.C., ) <br> a Texas limited liability company, ) <br> SUNIL DHAROD, an individual, and ) <br> LET'S SHAKE ON IT, L.L.C., ) <br> a Texas limited liability company, ) <br> ) <br> Defendants. ) | Case No. 5:24-cv-00474-HE |

**PLAINTIFFS' APPLICATION TO REVISE SCHEDULING ORDER
CONCERNING TRIAL SUBMISSIONS FOR NON-JURY TRIAL**

Plaintiffs Sonic Industries LLC and Sonic Franchising LLC (collectively "Sonic") respectfully request that the Court revise Items 11, 13 and 14 of the Scheduling Order (Doc 31) for the following reasons:

1. This is a commercial collection lawsuit where Sonic seeks to collect unpaid fees the Defendants owe pursuant to written license agreements for multiple Sonic drive-in restaurants (the "LAs").

2. The LAs contain express waivers of any right to a jury trial: "SONIC AND LICENSEE WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY."

3. Sonic's Complaint (Doc 1) did not include a jury trial demand.

4. Sonic did not file a Demand for Jury Trial.

5. Defendants' "Answer, Affirmative Defenses and Counterclaims" (Doc 9) did not include a jury trial demand.

6. Defendants did not file a Demand for Jury Trial.

7. An inadvertent error was made in the Joint Status Report and Discovery Plan (Doc 28) in that the "Jury Trial Demand" box was checked instead of the "Non-Jury Trial" box. Sonic apologizes for this oversight.

8. The Scheduling Order (Doc 31) does not expressly state whether the trial setting in March 2026 is for jury or non-jury trial; however, deadlines are included for Items 11 (requested voir dire) and 13 (requested jury instructions) and not for Item 14 (proposed findings of fact and conclusions of law).

9. The relief requested by Sonic consists of an Order (a) striking the deadlines for Items 11 and 13, and (b) establishing a consistent deadline of February 15, 2026, for Item 14.

10. Sonic's counsel has contacted Defendants' counsel concerning this Application and its requested relief and as of the time of this filing, Defendants' counsel has not responded.

Respectfully submitted,

s/Maggie M. Logan
JOE M. HAMPTON, OBA No. 11851
TOBY M. McKINSTRY, OBA No. 17401
MAGGIE M. LOGAN, OBA No. 33222
TOMLINSON MCKINSTRY, P.C.
Two Leadership Square
211 North Robinson Ave., Suite 450
Oklahoma City, OK 73102
Telephone: (405) 702-4346
Facsimile: (833) 657-0184
joeh@tmoklaw.com
tobym@tmoklaw.com
maggiel@tmoklaw.com

**ATTORNEYS FOR PLAINTIFFS,
SONIC INDUSTRIES LLC and
SONIC FRANCHISING LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the NextGen CM/ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/Maggie M. Logan
MAGGIE M. LOGAN

3